## FRED MARKLEY v. FRANK WHITMAN.

### Assault—Dangerous game.

A student was passing peaceably along the sidewalk, when some of his fellow-students formed in a line behind him, and each pushed the one in advance until he was reached, in which game he took no part; and it is held that he had the same right to protection from such an assault as if he were a stranger, and that the student who was thus pushed against him is liable for the injuries he received.

Error to Berrien. (O'Hara, J.) Argued February 16, 1893. Decided April 7, 1893.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*A. A. Worthington* and *Alex. Emery (George S. Clapp,* of counsel), for appellant.

*A. C. Roe, Spafford Tryon,* and *Edward Bacon,* for plaintiff.

LONG, J. Plaintiff and defendant were both students at the Buchannan high school. On February 7, 1890, while the plaintiff was on his way home from school, the defendant and others of the scholars were engaged in what is called a "rush" or "horse game." The practice of the game is to find some one in advance, when the others form in a line, each one in the rear pushing the one in advance of him, and so on through the line until the one to be "rushed," who knows nothing of what is coming, is rushed upon by the one in his rear, and pushed or rushed. On the day in question the plaintiff, while going towards home on the sidewalk, was to be rushed. The defendant was in his immediate rear, and engaged in the

game. When pushed, he rushed upon the plaintiff, striking him with his hands between the shoulders with such violence that the plaintiff was thrown nearly to the ground. Immediately thereafter he lost his voice above a whisper, and has never recovered its use. His neck was nearly fractured, and for several months he was compelled to take medical treatment in Chicago. It is claimed that he suffered great pain, and has not fully recovered. This action was brought to recover for the injuries thus occasioned. On the trial in the court below, the plaintiff had verdict and judgment for $2,500. Defendant brings error.

The errors relied upon relate principally to the charge of the court. It was claimed on the trial in the court below:

1. That the push against the plaintiff was not an assault, and therefore not actionable.

2. That it was a pure accident.

3. That it was not a dangerous game, and the results which followed from the push could not have been anticipated.

4. That the defendant only put himself in a position ready to be pushed if the spirit of frolic should be entered into by those behind him, and his rush upon the plaintiff was neither invited nor approved.

5. That there was no unlawful intent to injure the plaintiff.

It is insisted that the court below, in its charge, entirely ignored the claim of the defendant made on the trial; and also that the plaintiff was one of the school-fellows, and stood in a different position to the defendant than would a stranger. The court instructed the jury substantially that, if the plaintiff was participating in the play, or in any way contributed to the injury, he could not recover; that, to entitle the plaintiff to recover, he must show by a preponderance of evidence that the injury was occasioned by the push given by the defendant, and that the defend-

ant either willfully pushed the plaintiff, or was voluntarily engaged in the game, which must be found to be dangerous, and one reasonably calculated to be dangerous to innocent persons lawfully traveling along the sidewalk upon which the play was conducted. The court below further instructed the jury as follows:

"If the game in question was a dangerous one to indulge in on the street and at the time in question, and if the defendant was voluntarily engaged in such play at the time of the accident, and if the plaintiff was not participating in such sport, and was not guilty of conduct which in any way contributed to the injury, but, on the contrary, was lawfully traveling on the sidewalk, and in the exercise of reasonable care, and if the defendant, while so playing, pushed the plaintiff and injured him, he is liable; and in such case it is no excuse for him to say that he himself was pushed against the plaintiff by some other boy."

This charge fully protected the rights of the defendant, and was as favorable to him as the facts of the case warranted. In fact, on the trial it was little in dispute that the injury occurred exactly as the plaintiff claimed. He was peaceably walking along the street, and had no intimation that he was to be "rushed." He was not participating in the game, and, if his testimony is true, never had taken part in it, and on that occasion was not anticipating that he was the victim selected to be rushed. It was an assault upon him, and the court correctly stated the rules of law applicable to the case; at least, the defendant had no reason to complain. It is evident that the defendant was one of those engaged in the game, which, upon a bare statement of the manner in which it is to be played, must be regarded as dangerous. He voluntarily engaged in it, and his conduct occasioned the injury. It was unlawful to "rush" the plaintiff under the circumstances shown, and the defendant must be held responsible for the consequences which followed. It may be, and probably is, true that those taking part in it did

not anticipate the injurious effects upon the plaintiff; but that does not lessen the plaintiff's pain and suffering, or make the act less unlawful.    The plaintiff, while passing along the street, and not engaged in the sport, had the same right to be protected from such an assault as a stranger would have had, and the assault upon him was as unlawful as it would have been upon a stranger.

We find no error in the case, and the judgment must be affirmed, with costs.

HOOKER, C. J., McGRATH and GRANT, JJ., concurred. MONTGOMERY, J., did not sit.