PASCAL GIBELINE, Appellant, v. WILLIAM H.
SMITH, Respondent.

Kansas City Court of Appeals, May 16, 1904.

1. **ASSAULT AND BATTERY: Friendly Scuffle: Accidental In-
jury: Action.** If parties voluntarily engage in a friendly scuf-
fle and one, without intending to do so, accidentally hurts the
other, no action will lie.

2. ———: ———: ———: **Instruction.** An instruction relating to
assault and battery was rightly refused since it contained con-
fusing statements of abstract propositions foreign to the case;
and another was properly amended by adding "willfully."

3. ———: **Willful: Intent.** There are instances in unlawful con-
duct with no specific intent to do harm where the law will pre-
sume and supply such intent.

4. ————: Pleading: Instruction: Willful: Negligent. A petition alleged a violent, insolent and willful assault and battery. *Held,* there could be no recovery for negligent assault since negligence and intention are contradictory; however, an averment of an unlawful and negligent assault would admit proof of negligence.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

A'FFIRMED.

*J. W. Gillespie* for appellant.

(1)    The court erred in its instruction given at the instance of the defendant. ''There may be an actionable assault and battery without any actual or specific intent to commit that offense.'' Mercer v. Corbin, 117 Ind. 450; Ricker v. Freeman, 50 N. H. 420, 9 Am. Rep. 267; Welch v. Durand, 36 Conn. 182; Frank v. Avery, 21 Wis. 173; Peterson v. Hoffman, 59 Ind. 130; O'Brien v. Loomis, 43 Mo. App. 35; Grain Co. v. Brubacker & Co., 89 Mo. App. 1; Holman v. Bachus, 73 Mo. 49; Hoyberg v. Henske, 153 Mo. 74; Markley v. Whitman, 95 Mich. 236; Anderson v. Arnold, 79 Ky. 320; Conway v. Reed, 66 Mo. 346; Jones v. Gale, 22 Mo. App. 637.

*Hardin & Taylor* for respondent.

(1)    As to the claim of appellant that it was error to insert the word ''willfully'' in the second instruction asked by him, we have this to say: In the first place it was eminently proper to insert the word, for the reason that appellant's case it based upon a willful assault and battery, In the second place, if it was error to so insert the word ''willfully,'' which we deny, then appellant is not in a position here to complain, because he used the same word twice in his own instruction asked, numbered 1, and thereby invited the error, if it

was error. Soldanels v. Railway, 23 Mo. App. 516; Mc-Donald v. Cash, 45 Mo. App. 81; Crutchfield v. Railway, 64 Mo. 255; Davis v. Brown, 67 Mo. 313; McGonigle v. Dougherty, 71 Mo. 259; Holmes v. Braidwood, 82 Mo. 610; Thorpe v. Railway, 89 Mo. 650; Feary v. Railway, 162 Mo. 76; Redman v. Adams, 165 Mo. 60; Needles v. Ford, 167 Mo. 495; Hamman v. Coal Co., 156 Mo. 232; State v. Headrick, 149 Mo. 396; State v. Craig, 79 Mo. App. 412; Brown v. Mays, 80 Mo. App. 81. (2) As to the instructions given on behalf of respondent, it is only necessary to say that they are the law, and in perfect harmony with the case as presented by plaintiff's petition in the cause. And they are supported by the cases of Raming v. Railway, 157 Mo. 508; McManamee v. Railway, 135 Mo. 440; O'Brien v. Loomis, 43 Mo. App. 35.

ELLISON, J.—This is an action for assault and battery in which the verdict and judgment was for the defendant.

It appears that defendant was a collector in Kansas City for a brewery and that he drove around to the different saloons, one or more times a week, to collect accounts arising from the sale of beer. Plaintiff kept a lunch counter in one of these saloons. He and defendant had been friends for near nine years and were in the habit, when meeting, of joking one another and scuffling together in a playful way. They were both large, robust men, and though indulging in rough good humor and loud greetings when they met, no misunderstanding had ever arisen between them. On the day that plaintiff was injured, defendant had driven up to the saloon on his regular business and when he met plaintiff they shook hands, the latter saying, "how are you, 'punceon'?" which, the witnesses say, is Italian for "big belly." They then began to push each other and scuffle until defendant pushed or threw plaintiff against a show case. No unfriendliness resulted and they took

one or more drinks together at the bar and defendant went on his way. It turned out that plaintiff was hurt by having two of his ribs broken, and perhaps receiving other injuries. The verdict being for defendant, we have stated as facts what the evidence in his behalf tended to prove.

Afterwards, plaintiff brought this action wherein he charges that, "the defendant rudely, unlawfully, violently, forcibly, willfully and in a rude and insolent manner and without any cause, assaulted and beat the plaintiff," whereby he was greatly injured, etc.

It is our opinion that if the parties to this controversy each voluntarily engaged in a friendly scuffle and the defendant, without intending so to do, accidently hurt the plaintiff, no action will lie. The mutual and lawful character of the act of the parties prevents liability attaching for an accident which may result to either. We do not say that a lawful act resulting in unintentional injury necessarily excuses the party committing it. But if the act is lawful and is invited and participated in by another, and an injury unintentionally results, no liability arises. To hold otherwise, would be to say that all untoward results from the play of men or boys, in which they mutually engage, would furnish a cause for an action by the injured party. Play, even though rough, or dangerous, if mutually engaged in, is not unlawful, otherwise, athletic games now, and always common to the people would not have had the sanction which ages have given them.

Plaintiff, in aid of his position, cites us to the cases of Martley v. Whitman, 95 Mich. 236, and Ricker v. Freeman, 50 N. H. 420. Neither of them furnish him any support. In the former, school boy walking along a street was made the victim of what was known as a "rush game." Other students coming up behind him pushed, each, the boy in advance, until the one immediately behind the victim, gave him a violent push between the shoulders whereby serious injury resulted.

An action was sustained; but it was put upon the ground that the injured boy was not a participant.

In the latter case, a school boy caught another by the arm and swung him rapidly around several times, then letting him go suddenly, he shot off at a tangent, running against another boy, who instantly pushed him off, whence he was thrown against a coat hook fastened to the wall of the school building, the hook running into his neck and causing him injury of a serious character. The boy who swung him around was held liable; but in that case also, the injured party was set upon without his consent and he had no participation in the act.

We readily see where mutual, lawful play may be begun and one or both parties allow it to become of more serious moment than play. Or, where the act of one party would be wholly out of keeping with the play in which he was engaged. But a case of that kind is not presented.

The court's action on the instructions is made ground of criticism by plaintiff. He offered three and one was refused, while two were given in a slightly modified form. The one refused outright is the only one to which the attention of the court was called in the motion for new trial. We think it was properly rejected, if for no other reason than it contained a confusing statement of abstract propositions foreign to the case. It consists largely in the definition of the right of self-defense of person or family and was not needed in the case. But noticing the complaint of modification of the other instructions, we find nothing of substance. The word "willfully" was added in the second but it was only in keeping with the language of the first where the plaintiff himself used the same word in the same connection.

The only serious complaint relates to instructions given for defendant. They were to the effect that mere carelessness and negligence on part of defendant would not make him liable and that in order to hold him liable

it was necessary to find that defendant injured plaintiff willfully, that is, intentionally. There are many instances in unlawful conduct with no specific intention to do harm where the law will presume or supply the intent. Thus, where one in reckless disregard of consequences rode a bicycle against another in a public street, it was no excuse on a charge for assault and battery, that he did not intend to do an injury. Mercer v. Corbin, 117 Ind. 450. So, where one fired a pistol at a mark and the ball glanced off and hit a person near by, though there was no intention to injure him, yet the law supplied the intent. Welch v. Durand, 36 Conn. 182. And to the same effect is Anderson v. Arnold, 79 Ky. 370.

But the question with which we are dealing here is not one of liability. It is a question of pleading: that is to say, the consequences which follow particular statements of a cause of action. The plaintiff has elected to allege that defendant unlawfully, violently, insolently and willfully assaulted and beat him. It is manifest that proof of a battery resulting from mere negligence would be wholly outside the allegations of an intentional battery. O'Brien v. Loomis, 43 Mo. App. 29. If the allegation had been that the battery was "unlawful and wrongful," proof of negligence would have supported it (Conway v. Reed, 66 Mo. 346) for negligence is unlawful and wrongful. But the words "negligence" and "intentional" are contradictory. Raming v. Railway, 157 Mo. 507, 508. We think, that in view of the petition, the instructions were proper.

The judgment should be affirmed. All concur.