**Louise MILLER, Plaintiff-Appellant,**

v.

**Helen KRUETZ, Defendant-Respondent.**

**No. 45225.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 7, 1982.

**LACKLAND H. BLOOM, Special Judge.**

Plaintiff appeals from a judgment sustaining defendant's Motion for Summary Judgment. The motion was submitted to the trial court on the pleadings, depositions of both plaintiff and defendant, and arguments and briefs of counsel.

This litigation arose out of a personality clash between plaintiff and defendant, sales ladies at Stix Baer & Fuller's Crestwood store. The two had difficulties over a period of approximately two years, culminating in an incident which occurred on August 24, 1974. About 4 p.m. on that date a dispute arose in the department where these ladies worked when defendant undertook to assist a new employee in making out a sales slip. Plaintiff in front of the employee questioned defendant's right to assist the employee claiming it was the prerogative of either a supervisor or a "blue pencil" sales person such as plaintiff.

Plaintiff testified in her deposition that after the dispute arose, she walked away from defendant toward the back of the sales area and was followed by defendant walking alongside of her. She stated that defendant said to her "Sometimes I feel stupid," to which plaintiff replied, "Well, if the shoe fits wear it." The next thing she saw was defendant raising her hand and her fist coming at her and hitting her on the right side of her head and ear, at which time she was knocked unconscious and "blacked out." Defendant's version, also by deposition, was that after plaintiff "bawled her out" in front of the new sales girl, she followed her into the bridal salon and said, "Louise, I want to talk to you." They were facing each other about a foot and a half apart. Defendant testified that "I told her that I thought it was just terrible for her to talk that way in front of a new girl and I was tired of her treating me so terrible, and I am tired of you treating me like I am stupid, and she said, 'if the shoe fits wear it.' She put her hand out and she scratched my neck and I hit her. . . . When I felt her fingernails go into my neck, I hit her in self defense." She said she hit her in the head and on the side of the ear with her open hand.

Susan B. Blaney, Clayton, for plaintiff-appellant.

Thomas J. Plunkert, St. Louis, for defendant-respondent.

Based on that unfortunate incident this long pending litigation arose. Plaintiff seeks damages for personal injuries and medical expenses based solely on the following allegation of negligence:

"That on or about August 24, 1974, plaintiff and defendant were working at the Stix Baer and Fuller store in Crestwood Plaza, County of St. Louis, State of Missouri, and that defendant negligently and carelessly swung her arm and hand in close proximity to the plaintiff's head, striking plaintiff's head and ear, causing her to suffer the hereinafter described personal injuries and damages."

Defendant filed her Motion for Summary Judgment on grounds that the deposition testimony of plaintiff, set out more fully in defendant's Exhibit "A," shows that defendant's actions were intentional and willful and cannot be the basis of a cause of action sounding in negligence because an act cannot be both negligent and intentional at the same time, for such allegations are inconsistent; that an act done intentionally does not constitute negligence; and that the proof of negligence necessarily disproves willfulness and vice versa. That remains defendant's position in this court. The trial court without opinion sustained the motion. We affirm.

Plaintiff on this appeal presents two propositions. First, she argues that defendant failed to bear her burden to prove that there was no genuine issue of material fact shown by the evidence, stating that it is not clear from the deposition testimony whether defendant intentionally or accidentally hit plaintiff.

■ This appeal involving a review of a judgment sustaining a motion for summary judgment, we are mindful of certain principles of review. We review the record as in a court tried or equity proceeding, scrutinizing the record in a light most favorable to plaintiff, the party against whom the summary judgment was rendered, to determine whether there is a genuine issue of material fact requiring trial and whether the prevailing party was entitled to judgment as a matter of law. *Williams v. Irwin-Willert*

*Company,* 604 S.W.2d 640, 642 (Mo.App. 1980); *Kaufman v. Bormaster,* 599 S.W.2d 35, 37 (Mo.App.1980); *City of Kirkwood v. City of Sunset Hills,* 589 S.W.2d 31, 34 (Mo.App.1979). The burden is on defendant, the party moving for summary judgment, to demonstrate by "unassailable proof" that there is no genuine issue of fact to be tried. A genuine issue of fact exists whenever there is the "slightest doubt" about the facts. *Groppel Co., Inc. v. United States Gypsum Company,* 616 S.W.2d 49, 54 (Mo.App.1981).

■ After a review of the petition and the depositions in this cause, we have not the slightest doubt but that there is no triable issue of negligence in this case. Plaintiff's evidence alone established that there was a long standing conflict between her and defendant and that on the date in question, after a controversy over a new sales girl, an argument ensued. Plaintiff says that after a few words between them, the next thing she remembers is seeing defendant's fist coming at her and hitting her on the side of the head. The blow was hard enough to knock her unconscious and she "blacked out." We see nothing in that testimony from which a reasonable person could infer that defendant "negligently and carelessly" struck plaintiff in the head. Nor is there anything in defendant's testimony which would suggest anything less than a deliberate and intentional assault. Defendant was complaining to plaintiff about her bawling her out in front of a new sales girl and told her "I am tired of you treating me like I am stupid" to which plaintiff replied, "If the shoe fits wear it" and according to defendant scratched her neck at which time defendant hit her in the head. Plaintiff suggests that it can be inferred from such evidence that "Defendant could have carelessly thrown her hands in the air and accidentally struck plaintiff just as well as that she could have struck her intentionally." Without resorting to pure speculation as plaintiff suggests, we find nothing in the testimony of either plaintiff or defendant which could give rise to a triable issue of negligence.

Having solely pleaded negligence, plaintiff cannot recover on evidence of assault and battery, an intentional tort. It has long been held in this state, as elsewhere, that the words "negligence" and "intentional" are contradictory. Actions based on them are not synonymous. One excludes the other. *Blunk v. Snider,* 342 Mo. 26, 111 S.W.2d 163, 165 (Mo.1937); *O'Brien v. St. Louis Transit Co.,* 212 Mo. 59, 110 S.W. 705, 707 (Mo.1908); *Raming v. Metropolitan St. Ry. Co.,* 157 Mo. 477, 57 S.W. 268, 273 (Mo.1900); *Martin v. Yoeham,* 419 S.W.2d 937, 944 (Mo.App.1967); *Gibeline v. Smith,* 106 Mo.App. 545, 80 S.W. 961, 963 (Mo.App. 1904); 65A C.J.S. *Negligence* § 187 (1966).

In *Gibeline, supra,* suit was filed for an assault and battery but the evidence established that the injury to plaintiff arose out of a friendly scuffle. Plaintiff sought to recover on a charge of negligence. The court held that where the allegation is assault and battery that proof of negligence will not support it. In *Martin v. Yoeham, supra,* plaintiff was shot by defendant when he mistakenly though plaintiff was going to injure his wife and rob them. He sued defendant on the ground of negligence in handling the gun and shooting it. The court on appeal reversed a judgment for plaintiff based on negligence, stating:

"... [W]e find that plaintiff's theory of the cause as pleaded is misconceived and that its submission to the jury was fundamentally erroneous. Despite the fact that the evidence overwhelmingly establishes that Yoeham's act in firing the shot at plaintiff was *intentional,* plaintiff undertook to recover on the basis that the act was *negligent.* This is not permissible under the law as it is generally recognized and as it is applied in Missouri. It is elementary that the words 'negligence' and 'intentional' are contradictory and that 'negligence' is not synonymous with 'intentional action'." (Emphasis court's) Id., 419 S.W.2d at 944.

Such rule is not in conflict with those cases wherein willfulness and wantonness are alleged to support a claim for punitive damages, these charges being considered as evidence of extreme negligence to support

the claim. Such we believe is the case of *Eoff v. Senter,* 317 S.W.2d 666 (Mo.App. 1958) relied upon by plaintiff. In *Eoff* a petition for damages was based on separate counts of negligence and reckless and wanton conduct. Plaintiff recovered actual and punitive damages and defendant appealed. The court held that a charge of negligence and reckless and wanton conduct are not necessarily inconsistent. If included in the same count the petition is subject to a motion to dismiss or to elect and in the absence thereof a judgment will not be disturbed on appeal. The court held that under the facts in *Eoff* a submission of the case on the theory of negligence was not inconsistent with proof of wanton and reckless conduct. The court rejected defendant's contention that the evidence solely established that defendant was guilty of "deliberate, intentional and premeditated assault." The court observed that the act of negligence in that case was the failure to exercise the highest degree of care in the operation of an automobile so as to avoid injury to plaintiff. The court felt that under the evidence reasonable minds could differ as to whether the defendant acted intentionally or failed to exercise the highest degree of care. As indicated, we find nothing in the deposition testimony in this case which would permit reasonable minds to sustain a charge of simple negligence.

More to the point is the case of *Ford v. Politte,* 618 S.W.2d 44 (Mo.App.1981). In that case a police officer sued a prisoner for negligence in kicking him while the officer was transporting the prisoner to jail. The evidence was that the prisoner cocked his head to the right, looked back and then raising his right foot kicked the officer who was escorting him to jail. The court stated, "All the circumstances point to a deliberate, purposeful kick aimed at the plaintiff, and no abstruse process of reasoning can torture it into an act of negligence." Id., at 46. The court distinguished *Eoff* by pointing out in that case the driver of the automobile intended no assault on plaintiff but was intent on parking his automobile while plaintiff was in his path.

Plaintiff argues that since defendant testified that she acted in self defense, that

her conduct was an overreaction to the situation and that an overreaction can be negligence. We find no cases to support this theory. Plaintiff cites *Swan-Finch Oil Corp. v. Warner-Quinlan Co.,* 112 N.J.L. 519, 171 A. 800 (1934), for the proposition that an intentional act undertaken in self defense can be the basis for the recovery of damages on a theory of negligence. We have carefully reviewed that case and do not find that it is authority for any such doctrine. In that case the defendant to save its own property cut loose a burning barge which eventually damaged plaintiff's dock. Plaintiff sued defendant pleading two separate acts: (1) an act of negligence in transporting crude oil in a wooden barge, and (2) a wrongful intentional act in cutting loose a burning barge which resulted in plaintiff's damage. The separate charges based on separate and distinct acts were upheld by the court. It does not stand for the proposition suggested by plaintiff, nor for the principle that one can plead in one count negligence only and recover on evidence establishing an intentional tort.

In plaintiff's second point of error she contends, that if in fact the only inference to be drawn from the evidence is that defendant acted intentionally, plaintiff may waive the intent and sue in neglect, citing *Miller v. Harpster,* 273 Mo. 605, 201 S.W. 854 (Mo.App.1918) and *Evett v. Corbin,* 305 S.W.2d 469 (Mo.1957). These cases do not support plaintiff. They stand properly for the proposition that plaintiff may frame her cause of action to fit her theory of the case and may elect not to sue for an intentional tort committed but may waive the so-called intent and sue in negligence. This is, in fact, what plaintiff elected to do in this case. But neither case supports the proposition that if plaintiff sues for negligence and proves *only* an intentional tort, such as an assault and battery, that plaintiff can recover except in instances, such as the cases cited by plaintiff, wherein defendant consents to the trial of the issues not pleaded or fails to object thereto. In *Evett,*

the suit was founded on negligence but by consent of plaintiff and defendant tried on the theory of an intentional tort. After verdict and on appeal the court refused to relieve defendant from his own action in going to trial on a theory different than that pleaded. Furthermore, the court pointed out that there was no direct evidence that the defendant intentionally struck plaintiff. Thus, it is clear that plaintiff pleaded and proved negligence. The trial court erroneously, by consent of the defendant for which he cannot be heard to complain, submitted the case to the jury on a theory of an intentional tort. *O'Brien v. St. Louis Transit Co., supra,* at 707.

Having pleaded only simple negligence, plaintiff has made her election, and must stand or fall on proof supporting that charge. *Ford v. Politte, supra.*[1]

Having reached the conclusion that the evidence before the trial court on the motion for summary judgment established solely an intentional tort, assault and battery, there was no genuine issue of negligence to be tried. The motion was properly sustained.

SNYDER, P.J., and DOWD, J., concur.

---

1. Although not referred to in the briefs, we note from the record before us that initially the trial court treated the Motion for Summary Judgment as a motion to dismiss and allowed plaintiff time to amend. Plaintiff not having done so the Motion for Summary Judgment was therefore sustained.