COMMUNITY TITLE CO., et al., Plaintiff-Respondent,

v.

R.T. CROW, Defendant-Appellant.

Nos. 50955, 51000.

Missouri Court of Appeals, Eastern District, Division Four.

March 24, 1987.

Rehearing Denied April 23, 1987.

Norman C. Steimel, James E. Carmichael, Rollin J. Moerschel, St. Charles, Jerry L. Suddarth, O'Fallen, Daniel L. Human, Clayton, for defendant-appellant.

Stephen L. Kennedy, St. Charles, for plaintiff-respondent.

STEPHAN, Judge.

Plaintiff Community Title Company sued defendant R.T. Crow and others seeking, in Count I of its amended petition, (i) a declaration that the deed of trust its insured, Community Federal Savings and Loan Association,[1] held on an unimproved lot in St. Charles County was entitled to priority over a deed of trust Crow held on the same property, and (ii) an order enjoining Crow's attempt to foreclose on his deed of trust. In Count II of its amended petition, Community Title alleged Crow had "knowingly, maliciously, willfully, and wantonly" breached his promise to subordinate his interest in the lot to the interest of Community Title's insured. For this "tortious breach", Community Title sought actual and punitive damages. After brief opening statements of counsel and the admission into evidence of a contract for sale of unimproved land, discussed infra, the trial court took judicial notice of the court's file including a previously filed motion for summary judgment, the affidavits supporting and opposing it, and ruled from the bench. Crow appeals from an order granting Community Title summary judgment on Count I. Community Title appeals from an order dismissing Count II and, in effect granting Crow summary judgment on that count. The appeals have been ordered consolidated.

On appeal from an order granting summary judgment, we examine the record in the light most favorable to the party against whom summary judgment has been rendered to determine whether a genuine

1. Also a plaintiff.

issue of material fact requiring trial remains, and whether the prevailing party is entitled to judgment as a matter of law. *Miller v. Kruetz,* 643 S.W.2d 310, 312 (Mo. App.1982).

Defendant Crow, in his single point on appeal, asserts summary judgment was improperly rendered against him on Count I because whether he agreed to subordinate his interest in the St. Charles County lot to the interest of Community Title's insured and whether Community Title or its insured has standing to enforce the alleged agreement remain genuine issues of material fact.

The record before us establishes that in August 1983, Crow, as president, sole stockholder and director of LandCom, Inc., contracted to sell an unimproved lot in St. Charles County to Business Brokerage Consultants, Inc. (BBC). The contract recited LandCom's agreement "to subordinate building lot to buyer for purpose of building a house", and Crow concedes the contract was to be contingent upon BBC's obtaining a loan to finance construction of a house on the lot. Community Title acted as closing agent for the sale. On November 17, 1983, BBC took title to the lot and Crow, in his individual capacity, took a purchase money note secured by a deed of trust, which Community Title recorded the following day.

The record further establishes that on November 21, 1983, BBC obtained a $90,-000.00 construction loan, secured by a deed of trust, from Community Federal Savings and Loan Association. Community Title, again acting as closing agent, caused the deed of trust to be recorded on December 13, 1983, and that same day issued Community Federal a title insurance policy insuring against "loss or damage ... sustained or incurred by the insured by reason of ... [t]he priority of any lien or encumbrance over the lien of the insured mortgage". The policy did not except Crow's deed of trust.

In his deposition, Crow conceded it was his "intention and understanding that [his] deed of trust ... was to be subordinate to the ... deed of trust to Community Federal

on the construction loan." He admitted he evidenced this intent by giving Community Title a copy of the contract between Land Com, Inc. and BBC before Community Title issued Community Federal a title insurance policy. Moreover, in his answer to Community Title's amended petition, Crow admitted he "agreed to allow ... Community Title ... to hold ... (his) deed of trust and record it subsequent to the deed of trust given to secure (the) ... construction loan".

In the face of these uncontroverted facts, Crow argues, somewhat opaquely, that the agreement to subordinate his first deed of trust was not his, but LandCom's, and that Community Title, as a stranger to the agreement, was without standing to enforce it. Alternatively, he asserts, the questions of his personal liability and Community Title's standing to sue remain genuine issues of material fact. He errs on both counts.

■ A mortgagee may waive the priority of his lien and be estopped from asserting such priority. *Trout's Investments, Inc. v. Davis,* 482 S.W.2d 510, 517 (Mo.App.1972). The record before us establishes Crow has done just that. Crow admits he contemplated when he entered into the sales contract with BBC that BBC would borrow funds to improve the lot. He admits that in an effort "to assist (BBC) in (its) attempts to secure financing from potential lenders", he agreed to subordinate his interest in the lot to the interest of a subsequent construction lender. He admits he communicated his willingness to subordinate to Community Federal through its closing agent, Community Title. Moreover, Community Federal asserts, and Crow does not dispute, that it would not have authorized the construction loan if Crow had not guaranteed he would waive his priority as to Community Federal. It is equally clear that, but for Crow's waiver, Community Title would have listed Crow's deed of trust as an exception to coverage in the title insurance policy.

■ On these facts the trial court could properly have found Crow was estopped to assert the priority of his deed of

trust against Community Federal. The trial court could also properly have found Community Title had standing to assert estoppel as one who reasonably relied on Crow's waiver in issuing the title policy. That the contract of sale was between Crow's corporation, LandCom, as seller and BBC as buyer and that Crow took a purchase money note secured by a deed of trust in his own name, we hold to be of no benefit to Crow in this case. Indeed, such facts unmistakably demonstrate the oneness of Crow and his corporation. A corporate entity will be disregarded when it is controlled by one or a few people and where recognition of the "corporate cloak" would justify a wrong. *Krajcovic v. Krajcovic,* 693 S.W.2d 884, 886–887 (Mo. App.1985). To hold that the promises made in the sales contract by LandCom were not Crow's would do just that.

Crow's point is therefore denied. The trial court's order granting Community Title summary judgment on Count I is affirmed.

■ Count II of Community Title's amended petition alleged Crow had "knowingly, maliciously, willfully, and wantonly" breached his agreement to subordinate his interest in the St. Charles County lot to the interest of Community Title's insured. When the trial court dismissed this count it reasoned, "Crow did nothing wrong ... [I]f he did nothing wrong ..., then [he] cannot be held liable for any damages". In its appeal from the order dismissing Count II, Community Title asserts that whether Crow did anything wrong remains a genuine issue of material fact. We agree.

The record suggests that though Crow indicated his willingness to subordinate his interest in the lot to the interest of Community Title's insured, he in fact (and in his own words) "had no intention, at any time, to subordinate (his) deed of trust for the purpose of protecting any future construction lender." Whether Crow's refusal to subordinate was "knowing, malicious, willful, and wanton" thus remains in doubt. A genuine issue of fact preventing summary judgment exists whenever there is the slightest doubt as to the material facts.

*Cooper v. Yellow Freight System, Inc.,* 589 S.W.2d 643, 645 (Mo.App.1979).

The order dismissing Count II and effectively granting summary judgment for Crow is reversed and the matter remanded.

Affirmed in part; reversed and remanded in part.

GARY M. GAERTNER, P.J., and SIMON, J., concur.