Betty ROTHERMICH, Personal Representative of the Estate of Kenneth J. Rothermich, Plaintiff/Appellant,

v.

WEBER'S ST. CHARLES LANES, INC., et al., Defendant/Respondent.

No. 71929.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 16, 1997.

Ahlheim & Dorsey, St. Charles, for Plaintiff/Appellant.

Claude C. Knight, Jane Tomich, St. Charles, for Defendant/Respondent.

AHRENS, Presiding Judge.

Betty Rothermich, personal representative of the estate of Kenneth Rothermich, brought a declaratory judgment action against Boatmen's National Bank (Boatmen's) seeking a declaration that a deed of trust in favor of Kenneth Rothermich had priority over Boatmen's deed of trust. Boatmen's moved for summary judgment, asserting that there was no genuine dispute that plaintiff's deed of trust was junior to its deed of trust. The trial court granted Boatmen's motion and entered judgment in its favor. Plaintiff appeals. We affirm.

Kenneth Rothermich and Herman Toebben were the only shareholders of St. Charles Bowling Lanes, Inc, a Missouri corporation. The corporation entered into a written agreement with Weber's St. Charles Lanes, Inc. (Weber) on May 26, 1987 to sell all of the corporation's assets to Weber for $1,200,000. Pursuant to the agreement, both Rothermich and Toebben agreed to assist Weber in financing the purchase by accept-

ing promissory notes from Weber in the amount of $327,500 and $522,000 respectively. Although the written agreement did not require Weber to secure the notes to Rothermich and Toebben, Weber did secure both promissory notes by executing deeds of trust on the real property involved in the sale in favor of Rothermich and Toebben The promissory notes to both Rothermich and Toebben state that the deeds of trust are "second deeds of trust" on the property in question.

The written agreement also required Weber to attempt to finance the balance of the purchase price by obtaining a loan, secured by a mortgage on the property, in the amount of $500,000 from a third party lending institution. Pursuant to this promise, Weber secured a $500,000 loan from Boatmen's and gave Boatmen's a promissory note in the amount of $500,000. Weber secured the note by executing a deed of trust in favor of Boatmen's on the property involved in the sale.

Weber executed all three deeds of trust on July 6, 1987 and all three were recorded the following day. Although all three deeds of trusts were recorded on the same date, Boatmen's deed of trust was recorded prior to the deeds of trust of Rothermich and Toebben.

Weber defaulted on its payment obligations to Rothermich, Toebben and Boatmen's in 1995. Boatmen's directed the trustee on its deed of trust, Suzanne Meier, to foreclose on its deed of trust and conduct a foreclosure sale. Meier conducted the foreclosure sale on October 13, 1995 and the property sold for $475,000. This amount was $122,198.59 in excess of the outstanding balance on Weber's note to Boatmen's. Because Boatmen's believed that its deed of trust was senior to the deeds of trusts held by Rothermich and Toebben, it only tendered this surplus amount to Rothermich and Toebben.

Plaintiff filed a two count petition in May, 1996 against several defendants. Count I of the petition is a breach of contract claim against Weber's Lane for failure to meet its obligation on the promissory note. Count II of the petition is a declaratory judgment action requesting the trial court to declare that plaintiff's deed of trust is senior to Boatmen's deed of trust.[1]

Boatmen's filed a motion for summary judgment alleging that there was no genuine dispute that its deed of trust was senior to plaintiff's deed of trust. The trial court granted Boatmen's motion and entered judgment in favor of Boatmen's on Count II of plaintiff's petition. The trial court also found that was no just reason for delay of plaintiff's appeal on Count II of its petition and certified its judgment as final under Rule 74.01(b). This appeal follows.

Plaintiff contends on appeal that the trial court erred in granting Boatmen's motion for summary judgment. We will review the trial court's judgment granting Boatmen's motion for summary judgment *de novo*. *Rice v. Hodapp*, 919 S.W.2d 240, 243 (Mo. banc 1996). The party moving for summary judgment has the initial burden of showing that there are no genuine disputes as to any material facts in issue so that it is entitled to judgment as a matter of law. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993). Once the moving party has established that it is entitled to judgment as a matter of law, then the burden shifts to the non-moving party to create a genuine dispute as to one of the facts in issue by proffering competent materials beyond the mere allegations contained in its pleadings. *Id.*; Rule 74.04(e).

■ Here, plaintiff contends there was a genuine dispute as to which deed of trust was senior because Rothermich possessed a vendor's lien on the property. Even assuming that Rothermich possessed a vendor's lien on the property, we find there was no genuine dispute that his deed of trust was junior to Boatmen's deed of trust.[2]

---

1. Plaintiff also requested the trial court to declare in Count II that she has priority over Magna Bank with respect to a pinspotter. That claim is not at issue in this appeal.

2. Although both parties failed to address the issue, it appears from our review of the record that Rothermich may not possess a vendor's lien because he was not the vendor of the property. The warranty deed to the property in question

A vendor's purchase money deed of trust takes priority over a third party's purchase money deed of trust even if the third party's deed of trust is recorded first. *Rader v. Dawes*, 651 S.W.2d 629, 631 (Mo.App. 1983). The vendor may waive its priority, however, and be estopped from asserting its senior status. *See Community Title Co. v. Crow*, 728 S.W.2d 652 (Mo.App.1987). The party seeking to nullify the vendor's priority status must prove, with clear and cogent evidence, that the vendor in fact waived its priority status. *Dawes*, 651 S.W.2d at 633; *Heumann v. Lusby*, 347 Mo. 52, 146 S.W.2d 557, 558 (1940).

In the present case, the promissory notes to both Rothermich and Toebben state that they are secured by second deeds of trust on the property. In *Hawkins v. Mall, Inc.*, 444 S.W.2d 369 (Mo.1969), our Supreme Court held that a deed of trust which, on its face, recited that it was a second deed of trust was clear and unambiguous evidence that the vendors intended to subordinate their senior status to third party lenders. *Id.* at 385. Plaintiff attempts to distinguish *Hawkins* from the instant case by arguing that in *Hawkins*, the vendors' deed of trust also stated which deed of trust it was second to. We find this distinction between *Hawkins* and the present case immaterial under the circumstances here.

The failure to include which deed of trust the vendors' deeds of trust were second to does not negate the fact that the vendors' promissory notes, on their face, clearly and unambiguously recite that they are secured by second deeds of trust. In the present case, the written agreement between Weber and St. Charles Bowling Lanes explicitly required Weber to obtain a $500,000 loan, secured by a mortgage on the property, from a third party lender. Thus, both Rothermich and Toebben knew or should have known that Weber would execute a deed of trust on the property in favor of a third party lender but still accepted promissory notes which clearly and unambiguously recited that their deeds of trust were second deeds of trust.

Further, the written sales agreement between Weber and St. Charles Bowling Lanes made no mention of any deed of trust to secure Weber's promissory notes to Rothermich and Toebben. On this record, we find that Boatmen's met its burden of demonstrating that there was no genuine dispute that Rothermich and Toebben subordinated any priority status they may have had.

Plaintiff also argues that she met her burden of showing a genuine dispute as to which deed of trust was senior by presenting summary judgment facts to the trial court indicating that the second deed of trust language was meant to simply subordinate Rothermich and Toebben to each other. Plaintiff has failed to include such summary judgment facts in the record on appeal. Accordingly, we must conclude that the record does not support plaintiffs argument that she met her burden in showing that there was a genuine dispute as to which deed of trust was senior. *See Snelling v. Chrysler Motors Corp.*, 859 S.W.2d 755, 756 (Mo.App.1993).

Boatmen's met its burden of demonstrating that there was no genuine dispute that its deed of trust was senior. Also, plaintiff failed to met her burden in showing a genuine dispute as to which deed of trust was senior. Accordingly, Boatmen's was entitled to judgment as a matter of law. The trial court, therefore, did not err in granting Boatmen's motion for summary judgment.

The judgment of the trial court is affirmed.

CRANDALL and KAROHL, JJ., concur.

recites that the vendor was St. Charles Bowling, Inc. Although Rothermich was a principal shareholder of the corporation, title to corporate assets remains in the corporation until it is legally dissolved. *Walters v. Larson*, 270 S.W.2d 112, 115 (Mo.App.1954).