(94 South. 742)

## McADAMS v. WINDHAM. (6 Div. 577.)

(Supreme Court of Alabama. Nov. 30, 1922.)

Death ⬮14(1)—Injury in friendly sparring contest not actionable.

A blow with bare fist over the heart, causing death, in a friendly mutual combat, a mere sporting contest, was not unlawfully inflicted, the parties being engaged in the violation of no law, and was not the basis of an action, the one causing the injury not being guilty of any reckless or negligent conduct.

Appeal from Circuit Court, Lamar County; T. L. Sowell, Judge.

Action by Effie McAdams, as administratrix of the estate of William Curtis McAdams, deceased, against Whitten Windham, for damages for wrongful death. From a judgment for defendant, plaintiff appeals. Affirmed.

S. T. Wright, of Fayette, for appellant.

The death of appellant's intestate being established, and it being shown by the evidence that such death was the result of blows delivered by appellee, it was for the jury to determine whether appellee was justified, and the court erred in giving the affirmative charge for appellee. 3 Cyc. 1086; 81 Fla. 706, 89 South. 104; 70 Ala. 33; 206 Ala. 136, 89 South. 287; 84 Ala. 421, 4 South. 598; 21 Cyc. 765; 171 Ala. 92, 55 South. 135; 62 South. 337; 184 Ala. 137, 63 South. 655; 63 Ala. 432. It was not necessary that the wrong or injury resulting in plaintiff's intestate death should have been intentional. 84

Ala. 421, 4 South. 598; 129 Ala. 479, 29 South. 924; 169 Ala. 82, 53 South. 753, 33 L. R. A. (N. S.) 1070; 181 Ala. 482, 61 South. 890; 206 Ala. 136, 89 South. 287.

Bankhead & Bankhead, of Jasper, for appellee.

There is no liability for assault and battery in injuries suffered by an accident in a friendly scuffle in which both parties voluntarily engage, and which continues throughout to be. no more than play on both sides. 106 Mo. App. 545, 80 S. W. 961; 101 Iowa, 231, 70 N. W. 177; 113 Ill. App. 219; 109 Ala. 51, 20 South. 81; 9 Ala. 79. The burden of proof rested upon appellant to show that malice existed on the part of the appellee, or that the force used was unlawful; and appellant having failed to make this proof, it was proper for the court to give the affirmative charge for appellee. 80 Wis. 523, 50 N. W. 403, 14 L. R. A. 226, 27 Am. St. Rep. 47; 9 Ala. 79; 3 Cyc. 1068; 119 Ky. 148, 83 S. W. 557, 26 Ky. Law Rep. 1046, 67 L. R. A. 565, 115 Am. St. Rep. 243.

GARDNER, J. Appellant, as administratrix of the estate of William Curtis McAdams, deceased (her husband), brought this suit against appellee to recover damages for the death of her intestate as the result of an alleged assault and battery, committed upon him by defendant.

There were numerous counts in the complaint—some charging defendant with wrongfully and unlawfully committing the assault and battery on plaintiff's intestate by striking him with his fist, and others alleging, in substance, that plaintiff's intestate and defendant entered into a friendly sparring match, and that defendant negligently or recklessly struck plaintiff's intestate one or more blows with his fist, thus causing his death.

The defendant insisted as a defense to this cause of action, that he and plaintiff's intestate mutually entered into a friendly boxing match with their fists as they had done on numerous occasions, and in the course of this boxing match, and without any unlawful conduct on his part, and without the use of more force than defendant believed in good faith was justifiable in carrying on said friendly contest, one of defendant's blows struck intestate over the heart, which produced his death.

At the conclusion of plaintiff's evidence, the defendant requested in writing the affirmative charge in his favor, which was given; and, from the judgment following in favor of the defendant, the plaintiff has prosecuted this appeal.

It is without dispute that plaintiff's intestate and defendant, at the time intestate received the fatal blow, were engaged in a friendly boxing contest as they had frequently done before. The contest had progressed only a short while at defendant's place of business—several blows having passed, striking one another with their bared fist—when suddenly the plaintiff's intestate was seen to stagger, and was caught by one Waldrop, a spectator, who laid him upon the floor, where he died in a few minutes. There is no controversy about the fact that this sparring match was carried on in entire good faith by both parties, in a spirit of play, and there is no contention that their conduct was unlawful. Upon the examination of the body of the deceased, it was found there was a bruised place over the heart, and it is surmised that the blow struck by defendant upon that particular spot proved fatal.

It is a general rule of law that a blow thus inflicted in a friendly, mutual combat—a mere sporting contest—is not unlawfully inflicted, the parties being engaged in the violation of no law. "Harm suffered by consent is not, in general, the basis of a civil action. This is the meaning of the maxim, 'volenti non fit injuria.'" 1 Jaggard on Torts, 199. This consent is of course limited by the law as well as impliedly limited by the parties. The latter limitation is illustrated in the foregoing authority, as follows:

"Thus, participants in a violent game have assumed the risk ordinarily incident to their sport, but such ordinary risk does not include wrongful and intentional inflictions of injury. * * * Consent to the performance of a surgical operation for the cure or extirpation of disease will, in· the law, justify the use of force; but such consent does not prevent suit by the patient for intentional violence or negligence on the part of the physician to his patient."

See, also, the following authorities pertinent to the question here under consideration: 1 Cooley on Torts (3d Ed.) p. 282; Gibeline v. Smith, 106 Mo. App. 545, 80 S. W. 961; Crabtree v. Dawson, 119 Ky. 148, 83 S. W. 557, 26 Ky. Law Rep. 1046, 67 L. R. A. 565, 115 Am. St. Rep. 243; Nicholls v. Colwell, 113 Ill. App. 219; Drum v. Miller, 135 N. C. 204, 47 S. E. 421, 65 L. R. A. 890, 102 Am. St. Rep. 528; Vosburg v. Putney, 80 Wis. 523; 50 N. W. 403, 14 L. R. A. 226, 27 Am. St. Rep. 47; Cleghorn v. Thompson, 62 Kan. 727, 64 Pac. 605, 54 L. R. A. 402; Fitzgerald v. Cavin, 110 Mass. 153; Stout v. Wren, 8 N. C. 420, 9 Am. Dec. 653.

There is nothing in the evidence offered from which reasonable inference could be drawn that the defendant was guilty of any reckless or negligent conduct; but on the contrary it is without dispute that this boxing contest progressed in a manner similar to other contests in which the parties were in the habit of engaging. The fact that the intestate met his death is not alone sufficient, for, as said in Drum v. Miller, supra:

"Where an act is itself lawful, liability depends not on the particular consequences or results that may flow from it, but whether a

prudent man, in the exercise of ordinary care, would have foreseen the injury or damage that would naturally or probably have resulted from the act."

Under the undisputed proof, therefore, we are of the opinion the action of the court in giving the affirmative charge for the defendant was justified. The few remaining questions we consider unnecessary to treat.

It results that the judgment appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.