SHARON L. MEULNERS, A MINOR, BY CLYDE
MEULNERS, HER FATHER AND NATURAL
GUARDIAN, AND ANOTHER v.
DANIEL B. HAWKES.

216 N. W. 2d 633.

March 29, 1974—No. 44210.

*Hoppe & Healy* and *Robert J. Healy,* for appellant.

*Barnett, Ratelle, Hennessy, Vander Vort & Stasel* and *Robert W. Barnett,* for respondents.

Heard before Knutson, C. J., and Otis, Todd, and Scott, JJ., and considered and decided by the court.

TODD, JUSTICE.

This action was brought on behalf of Sharon L. Meulners, a minor, (hereafter plaintiff) for injuries received when struck by a car driven by defendant, Daniel B. Hawkes, as she was standing alongside a parked vehicle on a public street. Her father, Clyde Meulners, sought consequential damages. The jury returned a verdict apportioning negligence of the parties and in addition found that plaintiff had assumed the risk. The trial court in response to plaintiff's post-trial motion withdrew the issue of assumption of risk from the case and entered judgment for plaintiff. Defendant appealed.

On the evening of November 7, 1970, plaintiff and four friends, James Cross, Mike Roberts, George Caviness, and Laura Noreen, arrived at a party being given by Mark Anderson at his parents' home at 3256 Xenia Avenue in the city of Crystal. They arrived at approximately 10:30 p. m. Mike Roberts parked his car across the street and slightly to the north of the Anderson home. One of the group observed a friend in a car on the same side of the street ahead of the Roberts' car and the group of five proceeded to this car. James Cross was leaning on the front door of the car. Laura Noreen was standing next to him approximately 3 or 4 feet away from the car. Mike Roberts was standing alongside the rear of the car. Plaintiff was standing next to him and leaning against the taillight of the car. George Caviness was opposite her behind the car with his arms on her shoulders.

There were several other vehicles parked on both sides of the street. Xenia Avenue is 28.5 feet in width between the curblines. The evidence indicated that it would have been difficult for two cars to proceed between the parked vehicles.

Defendant had arrived at the Anderson home at approximately 7 p. m. He admitted consuming two cans of beer while at the party. He had left for a period of about 45 minutes and had returned. At approximately 11 p. m., he and a friend decided to leave the party. He left the Anderson home and walked across the street to where his automobile was parked. He was driving a 1969 Javelin sports car with a four-speed transmission that had been geared for fast acceleration. He proceeded southerly on Xenia Avenue to a nearby house, where he turned into the driveway. He backed out and proceeded northbound on Xenia Avenue, having to stop shortly for a group of young people standing in the street. He then accelerated the car to 35 to 40 miles per hour in a short space of time. Witnesses described the car as fishtailing down the road, swerving from the east to the west side of the road, narrowly missing another group of young people standing alongside the car parked immediately in front of the car by which plaintiff was standing. As he reached the car where plaintiff was standing, James Cross pulled Laura Noreen out of the way. The witnesses then heard a thump. George Caviness stated that he did not see the car at the point of impact but that he felt plaintiff being pulled out of his arms. He saw her fly through the air and strike the front end of a car parked 15 to 20 feet from the rear of the car where he was standing. Plaintiff fell to the pavement unconscious. Plaintiff has no recollection of the events surrounding the accident.

The amount of damages awarded plaintiff and the allocation of contributory negligence to plaintiff are not before the court on this appeal. Defendant only challenges the order removing the issue of assumption of risk from the case and entering judgment for plaintiff.

■ Defendant claims that plaintiff must have assumed the risk because she was standing in the street and must have heard the noise made by the car as it was accelerated down the street.[1]

---

[1] Primary assumption of risk is not involved and we are considering only secondary assumption of risk.

A careful review of the record indicates that plaintiff was leaning against the left taillight of the car during the time immediately preceding the accident and at the time of the impact. Of the other young people standing near the car, two indicated that their attention was first attracted to the car by its headlights and only one testified that his attention was attracted to the car by the headlights and the noise of the engine.

The trial court in its memorandum accompanying the order removing the issue of assumption of risk from the case stated that it was originally troubled in submitting this issue to the jury. After a review of the proceedings and the briefs of counsel, the trial court determined that assumption of risk was not an issue under the totality of the evidence to be presented to the jury. We agree with this conclusion. If the trial court had not reached such a decision, we would be compelled by the unequivocal evidence in this case to remove the issue of assumption of risk. See, Beery v. Northern States Power Co. 239 Minn. 48, 57 N. W. 2d 838 (1953).

■ This action arose before our decision of Springrose v. Willmore, 292 Minn. 23, 192 N. W. 2d 826 (1971). Therefore, if assumption of risk were involved in this case, it would have had to have been submitted as a separate issue. The defense of assumption of risk has been carefully distinguished from contributory negligence. In Coenen v. Buckman Bldg. Corp. 278 Minn. 193, 204, 153 N. W. 2d 329, 337 (1967), we had occasion to comment on this distinction. We there said:

"In order to invoke the doctrine of assumption of risk, it is essential that the risk or danger shall have been known to, and appreciated by, plaintiff. No risk is assumed of which plaintiff was ignorant. Logically, plaintiff cannot make an intelligent choice to confront a risk if he does not actually know of the danger, or know such facts as would in law charge him with knowledge of the danger and appreciation thereof. Knowledge of the particular risk or danger and an appreciation of the magnitude thereof are independent and essential elements of the doctrine

of assumption of risk. In order to assume the risk of a particular act or condition one must know and appreciate the danger itself and not just the facts which constitute it.

"The knowledge required is actual knowledge as distinguished from constructive notice or knowledge. The mere fact that plaintiff would, in the exercise of ordinary care, have known or appreciated the danger is not sufficient. Where the facts are such that plaintiff must have had knowledge, the situation is equivalent to actual knowledge; but where it merely appears that he should or could have discovered the danger, the defense is contributory negligence and not assumption of risk."

The difference between the two defenses is quite clear: Assumption of risk rests on plaintiff's voluntary consent to take his chances, while contributory negligence rests upon plaintiff's failure to exercise the care of a reasonable man for his own protection. The essential element of assumption of risk is plaintiff's voluntary choice to encounter a known and appreciated danger created by the negligence of defendant. Schrader v. Kriesel, 232 Minn. 238, 45 N. W. 2d 395 (1950). See, also, Note, 56 Minn. L. Rev. 47.

Plaintiff had no recollection of the events of the accident and therefore her knowledge, if any, must be inferred from the circumstances surrounding the accident. There is no evidence whatsoever that would allow the slightest inference that plaintiff voluntarily chose to encounter a known and appreciated danger created by defendant's negligence. Plaintiff had no obligation to anticipate or expect injury from a vehicle being driven on the wrong side of the road so close to a parked vehicle that it would strike her while leaning against said vehicle. Plaintiff's friends, standing immediately adjacent to her, testified they had no knowledge of danger from the vehicle until it was almost upon them.

Considering all of the evidence in the light most favorable to defendant, there could be no assumption of risk by plaintiff's friends under the circumstances presented in this case. If we

cannot find that they could be held to have assumed the risk had they been struck by the vehicle, obviously we cannot infer that plaintiff could be held to have assumed the risk of the injuries she sustained.

The judgment of the trial court is affirmed.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.