406 So.2d 1160 (1981)
Clifford R. KUEHNER, Appellant,
v.
Henry Michael GREEN, Individually, and the Aetna Casualty & Surety Company, a Connecticut Corporation, Appellees.
No. 80-546.
District Court of Appeal of Florida, Fifth District.
November 4, 1981.
Rehearing Denied December 17, 1981.
Wooten, Honeywell, Kest & Martinez, Orlando, and L. Edward McClellan, Jr., of Pattillo, McKay & McKever, P.A., Ocala, for appellant.
John G. Rooney, Rockledge, for appellees.
SHARP, Judge.
Kuehner appeals from a final judgment denying him any recovery from Green, his karate "sparring" partner, for injuries *1161 Kuehner sustained when he fell as a result of a "leg sweep"[1] performed by Green during a practice session. The case was tried before a jury which found Kuehner and Green both 50% responsible for the injuries. It also answered in the affirmative a special interrogatory establishing the defense of express assumption of risk.[2] On the basis of Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977), the trial court entered a final judgment for Green. We affirm, but certify the issue of whether or not Green's defense of assumption of risk absolutely bars Keuhner's recovery.
In Blackburn v. Dorta, the Florida Supreme Court ruled that the defense of "implied" assumption of risk, like contributory negligence, would no longer completely bar a plaintiff's recovery in tort on the new litigation field of comparative negligence. However, with regard to "express" assumption of risk, the court refused to express any opinion:
It should be pointed out that we are not here concerned with express assumption of risk which is a contractual concept outside the purview of this inquiry, and upon which we express no opinion... . Included within the definition of express assumption of risk are express contracts not to sue for injury or loss which may thereafter be occasioned by the covenantee's negligence as well as situations in which actual consent exists, such as where one voluntarily participates in a contact sport.
348 So.2d at 290. On the basis of this dicta, we have held that express assumption of risk remains an absolute bar to recovery. Strickland v. Roberts, 382 So.2d 1338 (Fla. 5th DCA 1980).
Kuehner argues that the jury's finding that he was aware of the danger of "leg sweeps" in karate practice and that he voluntarily assumed the risks of injury resulting therefrom is not supported by the evidence. We have reviewed the record, and find there is conflicting testimony as to whether "leg sweeps" should be done on concrete floors, as occurred here, and whether Kuehner realized Green might "sweep" him without catching him, in the practice session. The conflict was resolved against Kuehner by the jury and we cannot interfere with its conclusion.[3] This finding, for purposes of this case, established Green's defense of express assumption of risk. See Bartholf v. Baker, 71 So.2d 480 (Fla. 1954); Alexander v. 50th St. Heights Co., 324 So.2d 161 (Fla. 3d DCA 1976). Further, the testimony did not indicate that Green willfully or deliberately harmed Kuehner, or that the leg sweep was performed in violation of recognized or formal karate rules designed to protect the participants.[4]
Accordingly, we affirm the lower court, but certify the following question to the Florida Supreme Court, pursuant to Article V, Section 3(b)(4), Florida Constitution as a matter of great public importance:
DOES EXPRESS ASSUMPTION OF RISK ABSOLUTELY BAR A PLAINTIFF'S RECOVERY WHERE HE ENGAGES IN A CONTACT SPORT WITH ANOTHER PARTICIPANT WHO INJURES HIM WITHOUT DELIBERATE ATTEMPT TO INJURE?
*1162 AFFIRMED and QUESTION CERTIFIED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] Green caught Kuehner's right foot in mid-air and swept Kuehner's left leg from under him, causing Kuehner to fall backwards.
[2] The jury answered a special interrogatory that Kuehner did "know of the existence of the danger complained of, realize and appreciate the possibility of injury as a result of such danger; and, having a reasonable opportunity to avoid it, voluntarily and deliberately exposed himself to the danger complained of."
[3] Williston v. Cribbs, 82 So.2d 150 (Fla. 1955); Keith v. Amrep Corp., 312 So.2d 234 (Fla. 1st DCA 1975).
[4] See McAdams v. Windham, 208 Ala. 492, 94 So. 742 (1922); Tavernier v. Maes, 242 Cal. App.2d 532, 51 Cal. Rptr. 575 (1966); Nabozny v. Barnhill, 31 Ill. App.3d 212, 334 N.E.2d 258 (1975); Griggas v. Clauson, 6 Ill. App.2d 412, 128 N.E.2d 363 (1955); Bourque v. Duplechin, 331 So.2d 40 (La. App.), cert. denied, 334 So.2d 210 (La. 1976); Averill v. Luttrell, 44 Tenn. App. 56, 311 S.W.2d 812 (1957); Restatement (Second) of Torts § 496B, Comments a, d (1965).