436 So.2d 78 (1983)
Clifford R. KUEHNER, Petitioner,
v.
Henry Michael GREEN, et al., Respondents.
No. 61586.
Supreme Court of Florida.
July 28, 1983.
*79 L. Edward McClellan, Jr. of McClellan, Kaster & Vostrejs, Ocala, and Wooten, Honeywell, Kest & Martinez, Orlando, for petitioner.
John G. Rooney of Smalbein, Eubank, Johnson, Rosier & Bussey, Rockledge, for respondents.
ADKINS, Justice.
This cause comes before us on certification from the District Court of Appeal, Fifth District, as a matter of great public importance. Kuehner v. Green, 406 So.2d 1160 (Fla. 5th DCA 1981). Our jurisdiction vests under article V, section 3(b)(4), Florida Constitution.
Petitioner Kuehner, plaintiff in the trial court, brought a negligence action against respondent Green, defendant in the trial court, in the Circuit Court of the Eighteenth Judicial Circuit, Brevard County, Florida. Kuehner had been injured as the result of a karate takedown maneuver executed by Green during a sparring exercise at Green's home. The case was tried before a jury which found both plaintiff and defendant fifty percent negligent. Kuehner's damages totaled $55,000.
The jury was also presented with a special interrogatory which stated in pertinent part:
Did the Plaintiff, CLIFFORD R. KUEHNER, know of the existence of the danger complained of, realize and appreciate the possibility of injury as a result of such danger, and, having a reasonable opportunity to avoid it, voluntarily and deliberately expose himself to the danger complained of?
The jury answered this question in the affirmative and, in turn, the trial court held that sufficient evidence was presented to establish the defense of express assumption of risk. Thereafter final judgment was rendered on behalf of Green, the defendant. On appeal the district court affirmed the lower court's decision but certified the following question as a matter of great public importance:
Does express assumption of risk absolutely bar a plaintiff's recovery where he engages in a contact sport with another participant who injures him without deliberate attempt to injure?
406 So.2d at 1161.
In Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977), this Court abolished implied assumption of risk as a defense to an action in negligence. We, however, reserved opinion as to the viability of express assumption of risk stating:
It should be pointed out that we are not here concerned with express assumption of risk which is a contractual concept outside the purview of this inquiry and upon which we express no opinion herein. Included within the definition of express assumption of risk are express contracts not to sue for injury or loss which may thereafter be occasioned by the covenantee's negligence as well as situations in which actual consent exists such as where one voluntarily participates in a contact sport.

348 So.2d at 290 (emphasis added) (citations and footnotes omitted).
We are called upon now to render our opinion regarding the impact of the doctrine of express assumption of risk as it arises in "situations in which actual consent exists such as where one voluntarily participates in a contact sport." Id. (emphasis added).
If contact sports are to continue to serve a legitimate recreational function in our society express assumption of risk must remain a viable defense to negligence actions spawned from these athletic endeavors. *80 However, the doctrine of assumption of risk often overlaps that of contributory negligence and can, if wrongly applied, result in the same inequities which this Court sought to avoid by abolishing contributory negligence in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). See also Blackburn v. Dorta. Thus, for express assumption of risk to operate compatibly within our comparative negligence system, courts of law must fully appreciate the scope and proper applications of the doctrine.
From the outset we find that a participant in a contact sport does not automatically assume all risks except those resulting from deliberate attempts to injure. Express assumption of risk, as it applies in the context of contact sports, rests upon the plaintiff's voluntary consent to take certain chances. Meulners v. Hawkes, 299 Minn. 76, 216 N.W.2d 633, 635 (1974). This principle may be better expressed in terms of waiver. When a participant volunteers to take certain chances he waives his right to be free from those bodily contacts inherent in the chances taken. Our judicial system must protect those who rely on such a waiver and engage in otherwise prohibited bodily contacts.
It is the jury's function to determine whether a participant voluntarily relinquished a right, or, in terms of the Blackburn decision, "actually consented" to confront certain dangers. In so doing several threshold questions must be answered. First, the jury must decide whether the plaintiff subjectively appreciated the risk giving rise to the injury. Henry v. Britt, 220 So.2d 917 (Fla. 4th DCA), cert. denied, 229 So.2d 867 (Fla. 1969); see also Dana v. Bursey, 169 So.2d 845 (Fla. 2d DCA 1964), (actual knowledge is essential to voluntary assumption of risk). In making this determination it is well within the province of the jury to consider all the evidence as to what the plaintiff really expected while participating in the particular contact sport. If it is found that the plaintiff recognized the risk and proceeded to participate in the face of such danger the defendant can properly raise the defense of express assumption of risk. "Voluntary exposure is the bedrock upon which the doctrine of assumed risk rests." Bartholf v. Baker, 71 So.2d 480, 483 (Fla. 1954). Here, even though the defendant breached his duty of care and was negligent, the plaintiff should be barred from recovery because he in some way consented to the wrong. See Assumption of Risk in a Comparative Negligence System, 39 Ohio St.L.J. Number 2, 364 (1978); see also Restatement (Second) of Torts § 496C, Comment b (1965).
If the plaintiff is found not to have subjectively appreciated the risk, the trier of fact must determine, after reviewing all evidence, whether this plaintiff should have reasonably anticipated the risk involved. Brady v. Kane, 111 So.2d 472 (Fla. 3d DCA 1959). If it is found that a reasonable man would not have anticipated this risk, the "unsuspecting plaintiff" cannot be said to have consented to such danger and he therefore should be allowed to recover in full.
Conversely, if the jury determines that the plaintiff should have anticipated the particular risk and did not, then plaintiff's conduct should be subjected to comparative negligence apportionment principles. Allowing the jury to assess a plaintiff's failure to anticipate a risk poses no greater practical problems in the apportionment process than allowing it to consider contributory negligence. See Hoffman v. Jones; Blackburn v. Dorta.
In light of the discussion above, the trial court in the case sub judice properly barred Kuehner from recovery on grounds of express assumption of risk. At the conclusion of the evidential portion of the trial the jury was presented with a special interrogatory stating in pertinent part:
Did the Plaintiff, CLIFFORD R. KUEHNER, know of the existence of the danger complained of, realize and appreciate the possibility of injury as a result of such danger; and, having a reasonable opportunity to avoid it, voluntarily and deliberately expose himself to the danger complained of?
*81 We find that this question adequately addresses all threshold determinations required in applying the doctrine of express assumption of risk. By answering the interrogatory in the affirmative the jury determined that Kuehner subjectively recognized the danger of "leg sweeps" and voluntarily proceeded to spar in the face of such danger. Ample evidence in the record supports this factual determination. Accordingly the trial court was proper in finding applicable the doctrine of express assumption of risk. The decision of the district court of appeal is approved. The certified question, however, is inapposite to the facts of the case. Therefore the question, as framed, is not being answered.
It is so ordered.
ALDERMAN, C.J., and OVERTON, McDONALD and EHRLICH, JJ., concur.
BOYD, J., concurs specially with an opinion.
BOYD, Justice, concurring specially.
I concur with this Court's approval of the district court's decision affirming the final judgment in favor of the defendant, but for different reasons. I disagree with the manner in which the majority applies the assumption of risk doctrine to the facts of this case. I believe that the defendant should never have been placed in the position of having to raise this affirmative defense since the plaintiff's complaint failed to state a cause of action.
Historically, the courts have been reluctant to allow persons to recover money damages for injuries received while participating in a sport, especially a contact sport, unless there was a deliberate attempt to injure. In denying recovery, the courts have often explained that a person who participates in a sport assumes the risk that he or she may be injured. Only recently have some courts allowed a sport participant to recover damages for injuries resulting from unintentional but reckless misconduct. See Hackbart v. Cincinnati Bengals, Inc., 601 F.2d 516 (10th Cir.), cert. denied, 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 188 (1979); Nabozny v. Barnhill, 31 Ill. App.3d 212, 334 N.E.2d 258 (1975). These courts reasoned that a sport participant does not assume the risk of injuries resulting from bodily contact uncustomary to or prohibited by the rules of the particular sport.
The majority opinion in this case leaps beyond the confinements of all prior precedent by tacitly accepting the principle that a sport participant may recover damages for injuries resulting from simple negligence. The consequences of the majority decision will be extremely unsettling to legal relations in the sports world. The majority opinion will encourage the filing of tort action suits whenever an injury occurs during a sport activity. Any person who participates in a sport may now be faced with a lawsuit whenever he or she causes an injury. Although that person may ultimately prevail because of the plaintiff's assumption of the risk, that person will still be saddled with the expense of defending against such a suit and will have the burden of proving that the plaintiff was actually aware of the risks involved. Moreover the only way a sport participant can be sure that the defense will be available is to actually warn all the other participants of the risks involved. A better way to properly limit the scope of potential liability, but without these adverse consequences, is to focus the inquiry not on the plaintiff's assumption of the risk, but rather on the nature of the defendant's duty toward the plaintiff. See Blair v. Mt. Hood Meadows Development Corp., 291 Or. 293, 630 P.2d 827 (1981). The only duty that a person participating in a contact sport has toward a fellow participant is to refrain from intentional or reckless misconduct that is not customary to the sport. Hence a complaint which fails to allege facts showing that the defendant engaged in intentional or reckless misconduct should be subject to a motion to dismiss for failure to state a cause of action. This would relieve sport participants of the financial burden of having to prove the affirmative defense of assumption of the risk. It would also abolish the absurd legal semantics which classify voluntary *82 participation in a contact sport as an "express" assumption of the risk.
In this case the plaintiff was injured when he fell as a result of a "leg sweep." Because the "leg sweep" is a common karate maneuver, the defendant did not act in a reckless and therefore tortious manner. For this reason I concur in the judgment approving the district court decision.