462 So.2d 1156 (1984)
Agustin CARVAJAL, As Personal Representative of the Estate of Rodolfo Carvajal, a Minor, for the Benefit of Agustin Carvajal, Individually, and Irmina Carvajal, Appellant,
v.
Rafael ALVAREZ, Sr., Elvira Alvarez, Rafael Alvarez, Jr., Osvaldo Alvarez, a Minor, and Southeastern Fire Insurance Company, a Foreign Corporation, Appellees.
No. 83-2532.
District Court of Appeal of Florida, Third District.
November 13, 1984.
*1157 Magill, Reid, Lewis & Ricca and R. Fred Lewis, Miami, for appellant.
Leland E. Stansell, Jr. and Joel E. Bernstein, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The plaintiff-appellant's decedent, a fifteen year-old boy, fell off a horse as a result of riding in an allegedly dangerous fashion behind another rider on a single saddle. The sole point on appeal claims that the trial court improperly instructed the jury on the question of whether the boy had assumed the risk of injury so as to bar recovery. Since the jury could properly have concluded that his conduct constituted an "aberrant" form of the sport of horseback riding, the dangers of which the decedent voluntarily encountered and which were the very ones which caused the accident in question, we reject this contention. Gary v. Party Time Company, Inc., 434 So.2d 338 (Fla. 3d DCA 1983); O'Connell v. Walt Disney World Co., 413 So.2d 444, 447-48 (Fla. 5th DCA 1982); Strickland v. Roberts, 382 So.2d 1338 (Fla. 5th DCA 1980), review denied, 389 So.2d 1115 (Fla. 1980); see Kuehner v. Green, 436 So.2d 78 (Fla. 1983); Leahy v. School Board of Hernando County, 450 So.2d 883 (Fla. 5th DCA 1984). The judgment under review entered for the defendants pursuant to the affirmative answer to the special interrogatory on that issue is therefore
Affirmed.[1]
FERGUSON, Judge (specially concurring).
I agree with appellant that the act of riding double on a horse which only walked and trotted did not constitute aberrant behavior on the part of the deceased or his friend. I would reach the same result as the majority, however, for the reason set forth in the cross-appeal, i.e., that appellees breached no duty owed to the deceased.
NOTES
[1] It is unnecessary to treat the appellees' contention on cross-appeal that they were entitled to a directed verdict on the ground that no breach of duty had been established as to any of the defendants.