510 So.2d 1225 (1987)
Patrick Joseph POTTER, Appellant,
v.
GREEN MEADOWS, PAR 3, Appellee.
No. BR-294.
District Court of Appeal of Florida, First District.
August 13, 1987.
*1226 James A. Johnston, Pensacola, for appellant.
F.T. Ratchford, Jr., of Merritt, Ratchford & Searcy, Pensacola, for appellee.
SHIVERS, Judge.
The plaintiff/appellant, Patrick Joseph Potter, appeals the trial court's entry of final summary judgment in favor of defendant/appellee on the ground of express assumption of risk. We agree with appellant that summary judgment should not have been entered, and we reverse.
The facts of the case, viewed in the light most favorable to the plaintiff, are as follows. Appellee, Green Meadows, Par 3, is a nine hole, par three golf course located in Pensacola. Each hole of the course was originally outfitted with a "tee box" consisting of a 5' X 5' concrete slab protruding one to four inches from the ground, and covered with a rubber strip through which there protruded a tee. Over the years, however, the tees had all either worn away or been knocked off, so that the tee boxes eventually became unusable.
On July 20, 1986, the 26-year-old appellant and his friend, Robert Andrew Johnson, were playing golf at Green Meadows. Appellant had been playing golf for 21 years and had received some of his first lessons at the Green Meadows course. When appellant and Johnson reached the fourth hole, appellant elected to tee off from a location approximately four feet behind the unusable tee box. The evidence indicated that the majority of the golfers at Green Meadows teed off from behind the box on the fourth hole, and that the rear elevation of the box was camouflaged by weeds and could not be seen. There was also evidence that the tee box on the fourth hole was set further down into the ground than some of the other boxes, which protruded two or three inches. Unfortunately, appellant's swing "scuffed" the top of the ball, causing it to travel forward at ground level. The ball then struck the rear edge of the tee box, ricocheted backwards, and struck appellant in the eye causing severe injuries.
Appellant filed a complaint against the appellee alleging negligent maintenance of the premises. After filing its answer and taking the depositions of both appellant and Johnson, appellee moved for summary judgment. As noted above, the trial court entered final summary judgment in appellee's favor, on the basis that plaintiff's assumption of the risk acted as a complete bar to any recovery on his behalf.
In Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977), the supreme court rejected the doctrine of implied assumption of risk as a complete bar to a plaintiff's recovery against a negligent defendant. Blackburn had no effect, however, on the doctrine of express assumption of risk, which includes express covenants not to sue and situations of actual consent, such as occurs with voluntary participation in a contact sport. In cases where a plaintiff expressly assumes a risk, he "waives his right to be free from those bodily contacts inherent in the chances taken," and is barred from recovery. Kuehner v. Green, 436 So.2d 78 (Fla. 1983). The court in Kuehner held that in order for a jury to find express assumption of risk, it is necessary for it to determine that the plaintiff "subjectively appreciated the risk giving rise to the injury" (i.e., had actual knowledge of the risk), but proceeded nonetheless to participate in the face of such danger. 436 So.2d at 80.
Even assuming that the doctrine of express assumption of risk applies in the instant case,[1] summary judgment in favor of the defendant was improper. First, the *1227 undisputed deposition testimony of the appellant's golfing partner indicated that the elevation of the tee box on the fourth hole was camouflaged by weeds and could not be seen from the appellant's position behind the box. More importantly, the undisputed testimony of the appellant was that he was not aware of the elevation of the concrete slab. Thus, the evidence clearly fails to establish plaintiff's actual knowledge of the risk giving rise to his injury. Second, the supreme court in Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla. 1986), held that a landowner who provides a physical facility upon which a sport is to be played has a duty to exercise reasonable care to prevent foreseeable injury to the participants, including "foreseeing that they may risk a known danger in order to participate." 492 So.2d at 1312. The undisputed evidence in the record clearly does not support a finding, as a matter of law, of a lack of negligence on the part of the defendant/appellee. Therefore, since appellee has failed to establish either that there was no negligence on its part which proximately caused the plaintiff's injury, or that the plaintiff expressly assumed the risk which caused his injury, summary judgment was improper. Robbins v. Department of Natural Resources, 468 So.2d 1041 (Fla. 1st DCA 1985).
Accordingly, the final summary judgment in favor of defendant/appellee is reversed, and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
NIMMONS and BARFIELD, JJ., concur.
NOTES
[1] There is no evidence of an express covenant not to sue in this case and golf is not generally recognized as a "contact sport." However, the doctrine of express assumption of risk has been expanded to cases involving professional horse racing, Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla. 1986); diving into shallow water, Robbins v. Department of Natural Resources, 468 So.2d 1041 (Fla. 1st DCA 1985); riding a "mechanical bull," Van Tuyn v. Zurich American Insurance Co., 447 So.2d 318 (Fla. 4th DCA 1984); and horseback riding with two riders on one saddle, Carvajal v. Alvarez, 462 So.2d 1156 (Fla. 3d DCA 1984).