663 So.2d 1351 (1995)
Richard LeNOBLE and Lorraine LeNoble, Appellants,
v.
CITY OF FORT LAUDERDALE, Fort Lauderdale Umpires, Inc., a Florida corporation, Fred Goldman, and Terry Potts, jointly and severally, Appellees.
No. 94-2228.
District Court of Appeal of Florida, Fourth District.
November 1, 1995.
Rehearing Denied December 26, 1995.
Kenneth P. Wurtenberger of Kenneth P. Wurtenberger, P.A., Davie, for appellants.
Clark J. Cochran, Jr. of Billing, Cochran, Heath, Lyles & Mauro, P.A., Fort Lauderdale, for Appellee-City of Fort Lauderdale.
Hinda Klein of Conroy, Simberg & Lewis, P.A., Hollywood, for Appellees-Fort Lauderdale Umpires, Inc., and Fred Goldman.
STEVENSON, Judge.
Richard LeNoble was injured when he was struck in the eye by a batted softball while pitching in a modified fast pitch softball game on a field owned by the City of Fort Lauderdale. LeNoble filed suit against the City and the game officials alleging that they were negligent in laying the pitching rubber forty feet, rather than forty-six feet from home plate (as allegedly required by league rules for modified fast pitch softball), which created a hazardous and dangerous condition for the pitcher. The trial court granted summary judgment based on the doctrine of express assumption of risk. Because we find the existence of material issues of fact in relation to whether the doctrine of assumption of the risk should apply to the facts of this case, we reverse.
In Kuehner v. Green, 436 So.2d 78 (Fla. 1983) the supreme court addressed the impact of the doctrine of express assumption of risk as it arises in situations of actual consent such as where one voluntarily participates in a contact sport.[1] The court explained the doctrine and the reasoning behind it:
If contact sports are to continue to serve a legitimate recreational function in our society express assumption of risk must remain a viable defense to negligence actions spawned from these athletic endeavors.
* * * * * *

Express assumption of risk, as it applies in the context of contact sports, rests upon the plaintiff's voluntary consent to take certain chances. Meulners v. Hawkes, 299 Minn. 76, 216 N.W.2d 633, 635 (1974). *1352 This principle may be better expressed in terms of waiver. When a participant volunteers to take certain chances he waives his right to be free from those bodily contacts inherent in the chances taken. Our judicial system must protect those who rely on such a waiver and engage in otherwise prohibited bodily contacts.
Id. at 79-80.
The court in Kuehner makes clear that it is generally the jury's function to determine whether the plaintiff assumed the risk in any given case:
It is the jury's function to determine whether a participant voluntarily relinquished a right, or, in terms of the Blackburn [v. Dorta, 348 So.2d 287 (Fla. 1977)] decision, "actually consented" to confront certain dangers. In so doing several threshold questions must be answered. First, the jury must decide whether the plaintiff subjectively appreciated the risk giving rise to the injury. In making this determination it is well within the province of the jury to consider all the evidence as to what the plaintiff really expected while participating in the particular contact sport. If it is found that the plaintiff recognized the risk and proceeded to participate in the face of such danger the defendant can properly raise the defense of express assumption of risk.
Id. at 80 (emphasis added) (citations omitted). In accordance with the preceding authority from this court and the Supreme Court of Florida, we believe that the issue of whether LeNoble assumed the risk of being hit by a softball while playing on a field which he alleges was improperly laid out was a question for the jury.
We also believe that the jury must determine whether the placement (or misplacement) of the pitching rubber is a risk inherent in the game of fast pitch softball. In the supreme court case of Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla. 1986), it was noted that the doctrine of express assumption of the risk only completely bars recovery for risks inherent in the contact sport itself. In Ashcroft, a jockey racing at Calder Race Course was injured when his horse veered across the race course toward an exit gap. The jockey sued the race course, alleging that the negligent placement of the exit gap caused the accident. In rejecting the application of the doctrine of express assumption of the risk as a matter of law, the court stated that "express assumption of risk waives only risks inherent in the sport itself. Riding on a track with a negligently placed exit gap is not an inherent risk in the sport of horse racing." 492 So.2d at 1311. Although, based on Ashcroft, one might argue that playing on a softball field with a negligently placed pitching rubber is analogous to racing on a horse track with a negligently placed exit gap, we believe that there are distinctions between the two circumstances sufficient to allow this case to go to the jury.
We also reject the game officials' argument that the summary judgment should be upheld in their favor because LeNoble failed to establish a legal duty on their part. There was evidence that the umpires were responsible for enforcing all rules of the game, ensuring that the distance from the pitching rubber to home plate was in compliance with the Amateur Softball Association's official league specifications, and that umpire Goldman was specifically informed that the location of the pitching rubber was improper. Under the circumstances, issues of fact remain to be resolved before the legal question of duty can be determined.
Accordingly, we reverse the final summary judgment because the question of whether LeNoble assumed the risk of being struck by a softball while playing on an alleged improperly marked softball diamond presents a question of fact for the jury.
GUNTHER, C.J., and WARNER, J., concur.
NOTES
[1] Admittedly, there is some debate over whether baseball or softball is a "contact" sport. For the purposes of this appeal, we presume that the limited physical contact which is generally allowed within the game of baseball qualifies it as a contact sport. In any event, this court has held that the doctrine of assumption of risk could be applied to a variety of "activities, like sports, in which a certain amount of physical contact is necessary, and encouraged." Black v. District Bd. of Trustees, 491 So.2d 303, 306 (Fla. 4th DCA), rev. denied, 500 So.2d 543 (Fla. 1986). In that case, this court approved the consideration of the assumption of risk doctrine to a police training exercise.