382 So.2d 1338 (1980)
John STRICKLAND, Appellant,
v.
William H. ROBERTS, Jr., et al., Appellees.
No. 00-300/T1-127.
District Court of Appeal of Florida, Fifth District.
April 30, 1980.
*1339 A. Ann Arledge and Lee S. Damsker of Gordon & Maney, P.A., Tampa, and Clinton A. Curtis, P.A., Lakeland, for appellant.
Steven H. Gray of Green, Simmons, Green, Hightower & Gray, P.A., Ocala, for appellees.
COBB, Judge.
This appeal challenges the propriety of a summary judgment entered for the defendant Roberts, whom the plaintiff had sued for negligence based on a water-skiing accident at a church summer camp lake. Roberts was director of the camp, and Strickland, an experienced slalom skier, was in charge of water-ski activity at the camp.
On the day of the accident, Strickland asked Roberts to pull him around the lake, which Roberts did. On the first loop around the lake, Strickland swung out to the side of the boat and turned his ski to spray some youngsters sunbathing on the dock. On the second lap around the lake Strickland again swung out to the side of the boat to cause a spray. This time he struck the last piling on the dock, and was seriously injured.
Strickland sued Roberts, contending that the latter's failure to have a ski watcher on the boat was a violation of Section 371.54(1), Florida Statutes, and, as such, was negligence per se. Strickland also claimed it was a violation of Section 371.54(4), Florida Statutes, for Roberts to operate the boat close enough to the dock for Strickland to swing out on the ski rope and hit it.
Roberts argued, and the trial court agreed, that even if there were negligence per se resulting from violation of Section 371.54, that negligence, as a matter of law, was not a proximate cause of the injury. Plaintiff relied on deJesus v. Seaboard Coastline Railroad Co., 281 So.2d 198 (Fla. 1973); the defendant relied upon Burton v. Varner, 296 So.2d 641 (Fla. 3d DCA 1974).
In its final summary judgment, the trial court stated:
4. The Plaintiff was a competent, proficient and experienced waterskier as is shown by his testimony concerning his ability to utilize a slalom or single ski for a period of approximately eight years. With the slalom ski, Plaintiff testified that he has greater maneuverability than would be had utilizing two skis and likewise afforded him the ability to jump the wake behind the boat traveling rapidly from one side to the other across the wake in a criss-cross pattern. Plaintiff further testified that with the use of the slalom ski, he can control himself, his position and direction independent of the boat which merely provides pull through the water. Likewise, he has the ability of stopping in a short distance by dropping the rope and depressing the back of the ski and raising the front of the ski.
5. At the location where the incident occurred, the boat operated by Defendant was traveling in a straight direction and was neither going into nor coming out of any turns but was paralleling the dock at the camp. The action of Plaintiff in propelling himself into the piling was solely as a result of his failure to maintain proper watch for the location of the dock or through error in judgment while spraying the dock with water after he had directed his ski out of the boat's wake. (R. 64)
On the basis of the undisputed evidence before the trial court, we agree that there was no causal relationship between any actions or conduct by the defendant and the injury which the plaintiff inflicted upon himself. See Landers v. Milton, 370 So.2d 368 (Fla. 1979); Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965). The reliance by the plaintiff on the violation of subsection (1) of the applicable statute is unavailing because the uncontroverted evidence is that Roberts was observing Strickland at the time the latter skied into the *1340 piling; in regard to subsection (4), no evidence whatsoever was presented to the trial court to indicate that Roberts operated the boat in a manner that caused Strickland to collide with the piling. The evidence was clear that Strickland intentionally skied as close as possible to the dock to spray water on it, as he had done many times in the past.
There was another basis for entry of the summary judgment, although it was not articulated by the trial court. One of the exceptions to the merger of contributory negligence and assumption of the risk set out in Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977) is contact sports. Normally, water-skiing would not be considered a contact sport. The uncontroverted evidence in the instant case, however, is that Strickland was injured while engaged in an aberrant form of the sport: swinging in as close as possible to a stationary dock for the purpose of spraying water on sunbathers. He had frequently engaged in this "sport"  indeed, he had done so on the immediate preceding turn around the lake before his own misjudgment carried him into a corner piling of the dock. There is absolutely no evidence that the manner in which the boat was operated caused the mishap, other than the fact that it furnished Strickland the momentum to play his game. The risk of hitting a dock inheres in the sport of narrowly missing it. Strickland, having assumed the risk of his game, played it once too often and lost. See Annot., 8 A.L.R.3d 675 § 6 at 684 (1966). The trial judge correctly entered summary judgment, and it is AFFIRMED.
SHARP, J., concurs.
ORFINGER, J., dissenting with opinion.
ORFINGER, Judge, dissenting.
In my opinion, the appellees have not carried the burden which the law imposes on them to entitle them to a summary judgment. The movant for a summary judgment has the burden of conclusively proving the absence of a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). The proof must be such as to overcome all reasonable inferences which may be drawn in favor of the opposing party. Holl v. Talcott, supra; Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1975). The burden is especially heavy in negligence cases where the doctrine of comparative negligence applies, Hoffman v. Jones, 280 So.2d 431 (Fla. 1973) and where assumption of risk has been abolished as an absolute defense. Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977). Water skiing is not a contact sport so as to fall within the exception mentioned in Blackburn v. Dorta, supra, and it is unfortunate that the majority opinion seems to make it one just because it may be negligently performed. Undoubtedly, the appellant was negligent, but that does not entitle appellee to a summary judgment.
The trial court apparently accepted defendant's contention that the skier had complete control of his movements independent of the boat, but that was not undisputed, nor is it clear from the record that the boat was at a safe distance from the dock, a matter over which the boat operator has complete control. These matters, together with the question of negligence of either party are questions of fact and should not be disposed of on summary judgment. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977). For these reasons, I respectfully dissent.