390 So.2d 428 (1980)
SINGER HOUSING COMPANY et al., Appellants,
v.
James WREN and Sarah Wren, Appellees.
James WREN and Sarah Wren, Appellants,
v.
SINGER HOUSING COMPANY et al., Appellees.
Nos. TT-70, TT-183.
District Court of Appeal of Florida, First District.
November 17, 1980.
*429 Donald H. Partington of Clark, Partington, Hart & Hart, Pensacola, for appellants (TT-70).
Robert J. Mayes and Charles J. Kahn, Jr. of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, and H. Edward Moore, Jr. of Sherrill, Moore & Hill, Pensacola, for appellees (TT-70).
Charles J. Kahn, Jr. and Robert J. Mayes of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, Pensacola, for appellants (TT-183).
H. Edward Moore, Jr. of Sherrill, Moore & Hill, and Donald H. Partington of Clark, Partington, Hart & Hart, Pensacola, for appellees (TT-183).
LARRY G. SMITH, Judge.
This is a consolidated appeal from a judgment entered pursuant to a jury verdict which awarded plaintiffs, James and Sarah Wren, $350,000.00 in damages against Singer Housing Company (Singer). James Wren was injured when he fell into a subsurface hole while walking near the property line of his residence. Wren's position at trial was that either Singer which constructed his home, or Gatwood Builders, Inc., (Gatwood) which constructed his neighbor's home, was responsible for the dangerous condition on his property because one or the other of them, while building the respective homes, pushed or buried debris in a hole and covered it up, creating a subsurface void when the material decayed and settled over a period of time. Singer argues on appeal that the verdict against it is against the manifest weight of the evidence and that its motion for directed verdict should have been granted. Singer further urges that the trial court erred in admitting testimony concerning Singer's other acts of burying debris in the southwest corner of the lot on which Wren was injured and in the subdivision in which the Wren home is located. In their appeal, the Wrens contend that if this court does not affirm the trial court, they are entitled to a new trial against Gatwood as well as Singer. Gatwood cross-appeals arguing that it was entitled to a directed verdict. We affirm.
Although we might have reached a different result than the jury had we been sitting as triers of the facts, as an appellate court our authority is restricted to determination of whether the verdict against Singer is supported by competent substantial evidence. There is sufficient evidence in the record that Singer buried or pushed debris into the low area on the property line and covered it with earth. Consequently we may not disturb the jury's determination.
*430 In regard to Singer's complaint about the admission of evidence concerning Singer's past acts of burying debris, we find this evidence concerned past trade or business practices rather than past acts of negligence and was therefore admissible. Spartan Grain and Mill Company v. Ayers, 517 F.2d 214 (5th Cir.1975). In Spartan, a feed seller sued some egg producers to recover unpaid balances. Under the agreement between the seller and the producers, Spartan (the seller) was also bound to buy all of the producers' eggs. At the trial, the producers tried to show that the dispute was based largely on improper chargebacks to the producers' accounts when many eggs failed to hatch. The chargebacks were improper, said the producers, since the low hatch rate was caused by Spartan's mishandling of the eggs. The producers tried to prove mishandling of the eggs by introducing evidence of Spartan's general pickup practices. Some of this evidence did not relate to the producers by name, but related to other pickups. The Fifth Circuit found that the trial court improperly excluded the evidence and interpreted the rule as follows:
Evidence of a trade or business custom is permissible for the purpose of showing that the custom was followed in a particular instance; likewise, evidence of other transactions or occurrences is admissible if relevant and not too likely to confuse the jury or prejudice the opposing party.
* * * * * *
The crucial factor mandating admissibility of the evidence in question is that it was not introduced to show that Spartan had acted negligently on other occasions, but rather to show that Spartan conducted this aspect of its business in a certain routine fashion. Presented with this evidence, the jury could properly infer that Spartan's procedures had been similar on the occasions at issue, and then decide whether or not Spartan was at fault. (517 F.2d at 219)
In the trial below, there was testimony from two Singer employees concerning Singer's past practice of burying construction debris on home construction sites. There was testimony from Wren's neighbor that she saw Singer bury construction debris in the southwest corner of the Wren lot. We find this testimony is similar in nature to the testimony held admissible in Spartan and was not introduced to show that Singer acted negligently on other occasions.
We find further support for affirmance in the rule announced in Halloran v. Virginia Chemicals, Inc., 41 N.Y.2d 386, 393 N.Y.S.2d 341, 361 N.E.2d 991 (1977), which held that if an auto mechanic had habitually or regularly used an immersion coil to heat water in which a refrigerant container was placed, evidence of that habit or regular usage was admissible to prove that he followed this procedure on the day of the explosion. The court reasoned as follows:
At least, as in this kind of case, where the issue involves proof of a deliberate and repetitive practice, a party should be able, by introducing evidence of such habit or regular usage, to allow the inference of its persistence, and hence negligence on a particular occasion (see McCormick, Evidence [2d ed.], § 195, advocating an even more expansive approach; see, also, 1 Wigmore, Evidence [3d ed.], § 97). Far less likely to vary with the attendant circumstances, such repetitive conduct is more predictive than the frequency (or rarity) of jumping on streetcars or exercising stop-look-and-listen caution in crossing railroad tracks. On no view, under traditional analysis, can conduct involving not only oneself but particularly other persons or independently controlled instrumentalities produce a regular usage because of the likely variation of the circumstances in which such conduct will be indulged. Proof of a deliberate repetitive practice by one in complete control of the circumstances is quite another matter and it should therefore be admissible because it is so highly probative. (41 N.Y.2d 386, 393 N.Y.S.2d at 345-346, 361 N.E.2d at 995, 996.)
*431 We have considered the remaining points raised and find them without merit. Accordingly, the judgment is AFFIRMED.
ERVIN and SHIVERS, JJ., concur.