406 So.2d 521 (1981)
Hetty S. FIRTH, Appellant,
v.
Gilbert L. MARHOEFER d/b/a Royal Admiral Apartments, Appellee.
No. 80-877.
District Court of Appeal of Florida, Fourth District.
November 4, 1981.
Rehearing Denied December 18, 1981.
G. Ware Cornell, Jr., of McCune, Hiaasen, Crum, Ferris & Gardner of Fort Lauderdale, for appellant.
Charles T. Kessler of Pyszka, Kessler & Adams, Fort Lauderdale, for appellee.
HURLEY, Judge.
This appeal is from a slip and fall case. At issue is the propriety of an order striking testimony which showed that sometime before the accident, the apartment house/hotel management was aware that water and other slippery substances collected on the floor of the passenger elevators and that the management had utilized carpets to absorb these substances. In our view, this testimony was relevant to the issue of notice, i.e., whether the slippery condition was a recurring problem which imposed a duty on the landlord to undertake reasonable preventive measures. Since its exclusion was erroneous and extremely prejudicial to the plaintiff, we reverse and remand for a new trial.
Appellant, Hetty S. Firth, was injured on May 16, 1978 when she slipped and fell in a passenger elevator on the premises of the Royal Admiral Apartments on Galt Ocean Mile in Fort Lauderdale. Mrs. Firth was *522 seventy-two years old at the time of the accident and had resided at the Royal Admiral in a rental apartment since 1964. She testified that she left her apartment on the sixteenth floor and walked down the hallway to the elevator. She stepped inside, put her packages down, turned to push the button for the lobby, stepped backwards and slipped and fell. Mrs. Firth sustained serious injuries and thereafter sued the owner of the apartment building and his insurance carrier.
Testimony at trial revealed that the building was served by two passenger elevators and a service elevator. Since both the beach and a pool were readily accessible, house rules required bathers to utilize the service elevator. However, a former manager, Joanne Turner, testified that the rule was often disregarded and that it was difficult to enforce. She said that the service elevator was in use most of the time and thus unavailable to tenants and guests in the hotel-apartment building. She also testified that during her tenure as manager, the floors in the passenger elevators had been covered with carpeting. In fact, the management had maintained two sets of carpeting for each elevator so that when one set became wet and soiled it could be replaced by the other. Ms. Turner said that "quite frequently" the carpets in the passenger elevators had become soiled from "water from bathers, dog droppings or residue and sand, tar." Sometime after Ms. Turner's termination in 1977, the carpeting in the passenger elevators was removed, exposing a vinyl or linoleum floor.
At the close of plaintiff's case, defendant/appellee moved to strike all of the testimony regarding carpeting. The court granted the motion and instructed the jury as follows:
Ladies and gentlemen, you have heard some testimony regarding a rug on the floor or carpet or something on the floor of the elevator. There wasn't any carpet the day of the accident  we are talking about the day of the accident. So I am requesting or telling you to strike from your mind the consideration of any carpet on the floor. You take life like you find it. That is the way life is. The question is: Whether or not that is negligent, not whether it was there last week or last year or six months before.
So when you all get to considering the case don't  Whatever it may have been before is not relevant to the case. The case is going to boil down to the day of the incident whether somebody was negligent or not negligent.
The singular issue on appeal is whether the trial court erred in striking the testimony about carpeting and in instructing the jury that it could not be considered for any purpose. We begin our analysis by considering Section 83.51(2)(a)3, Florida Statutes (1979), which imposes a statutory duty upon landlords to take reasonable precautions to maintain apartment house common areas in a safe and clean condition. Before a landlord can be held liable for a breach of this duty, however, it is necessary to prove that the landlord had actual or constructive knowledge or notice of the existence of the dangerous condition for a time sufficient for it to be remedied. Marlo Investments, Inc. v. Verne, 227 So.2d 58 (Fla. 4th DCA 1969).
Constructive knowledge of a dangerous condition can be imputed to a landlord where it can be shown that the condition recurred with regularity and, consequently, was foreseeable. "Minimal standards of proper maintenance require the landlord to anticipate dangerous conditions that recur regularly, and to take some precautions." Harris v. H.G. Smithy Co., 429 F.2d 744, 746 (D.C. Cir.1970). This principle was operative in Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980), where the court held that repeated verbal and written warnings to the owners of an apartment building that a hallway was slippery and dangerous were sufficient to put them on notice of the recurring nature of the problem and thus created a jury question as to whether the landlords exercised reasonable care to guard against a foreseeable danger.
We believe that the carpeting testimony had the same relevance in the case at *523 bar. It demonstrated that an accumulation of water, tar and other slippery substances in the passenger elevators was an ongoing problem which was known to the building management. Thus, there existed a jury question as to whether the landlord exercised reasonable care to guard against a foreseeable danger. The trial court's order and jury instruction effectively foreclosed this issue from jury consideration. In so doing, the court impermissibly invaded the province of the jury to the prejudice of the plaintiff. Therefore, we reverse and remand the cause for a new trial.
LETTS, C.J., and ANSTEAD, J., concur.