434 So.2d 338 (1983)
Dale GARY, Appellant,
v.
PARTY TIME COMPANY, INC., Miami Ski Club, Inc., and Miami Springs Villas, Inc., Appellees.
No. 81-1191.
District Court of Appeal of Florida, Third District.
July 5, 1983.
Anderson and Moss and Karen A. Gievers, Miami, for appellant.
Smoley & Grate and D. Jeffrey Grate, Miami, and Kenneth P. Carman, Fort Lauderdale, Lane, Mitchell & Harris and C. Robert Murray, Jr., Pyszka & Kessler, Greene & Cooper and Robyn Greene and Joan M. Bolotin, Miami, for appellees.
Before NESBITT, FERGUSON and JORGENSON, JJ.
JORGENSON, Judge.
Dale Gary, a member of the Miami Ski Club, Inc., volunteered to perform in an event entitled "The Great Fashion Put-On." The purpose of the event was to attract new members to the Ski Club and to provide for the social interaction of existing members. At trial, Gary characterized the Ski Club as a voluntary, fun, purely social organization. As a pre-requisite to performing in the event all prospective participants were required to release the Ski Club from liability.[1]
*339 At rehearsal, on the day before the event took place, Gary decided to practice on her own for a modeling skit that called for her to roller skate down a ramp and onto a runway, holding ski poles in either hand. Gary had been skating since childhood and considered herself a good skater. She had successfully skated down the ramp without ski poles during supervised group practice sessions. She was aware of a "bump" where the ramp met the runway and had skated over it without ski poles in the prior supervised practice sessions. On her fateful unsupervised solo glide down the runway with a ski pole in either hand, Gary (predictably) fell and injured her wrist. She now appeals from the trial court's directed verdict, based upon the release, in favor of the Ski Club.[2] For the following reasons we affirm.
The release when combined with the actions of Gary, involves the law regarding express assumption of the risk.[3] The Florida Supreme Court in Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977), held that implied assumption of the risk merges into the defense of contributory negligence and the principles of comparative negligence. The court in Blackburn did not reach the issue of express assumption of risk which includes "situations in which actual consent exists such as where one voluntarily participates in a contact sport," id. at 290. In Strickland v. Roberts, 382 So.2d 1338 (Fla. 5th DCA), review denied mem., 389 So.2d 1115 (Fla. 1980), the court labeled contact sports an exception to the merger of contributory negligence with assumption of the risk as set out in Blackburn. The court in Strickland expanded this exception further to include aberrant forms of non-contact sports. We approve that rationale. The aberrant conduct in Strickland was that of an experienced water skier intentionally skiing as close as possible to a stationary dock, which resulted in a collision with a corner piling of the dock.
Dale Gary, an experienced skater and member of a social club encouraging snow skiing, a sport acknowledged to involve an inherent risk of injury, intentionally and voluntarily chose to expose herself to the risks involved in an unsupervised traverse down a ramp while holding a ski pole in either hand. Whether behavior of this nature is characterized as skating, simulated skiing or sports modeling, it is undoubtedly within the class of behavior labeled in Strickland as aberrant and thus outside the Blackburn holding merging assumption of the risk into the principles of comparative negligence.
In O'Connell v. Walt Disney World Co., 413 So.2d 444 (Fla. 5th DCA 1982), the court revisited Strickland. In O'Connell a boy was injured when horses in a "walking" horseback ride stampeded. Walt Disney World analogized the boy's participation in the ride to participation in a contact sport, *340 relying on Strickland. The court in O'Connell called such a comparison with Strickland inapposite, "in that here there is no indication that appellant was intentionally engaging in an unusual or aberrant form of horseback riding," O'Connell at 447 (emphasis added). O'Connell is thus distinguishable from the case sub judice in that there is every indication that Gary was engaging in an unusual or aberrant form of behavior.
We hold that, by her voluntary aberrant acts coupled with the release, Gary expressly assumed the risk of injury resulting from skating down a ramp onto a runway while holding ski poles in either hand, and that, therefore, the directed verdict was properly granted.
Affirmed.
NOTES
[1] The release signed by Ms. Gary provides:

I, (Dale Gary) , do hereby release and hold harmless the Miami Snow Ski Club and its officers and members for any injury, loss or damage upon my person and/or my property that should occur during any audition, rehearsals and/or performance of "The Great Fashion Put-On" commedy show. I understand that my participation is voluntary and at my own risk and expense. I further consent to the use of my photograph(s), picture(s), caricature(s) and/or the like without compensation in the promotional, advertising and publicity activities associated with the aforesaid event.
Date: (Aug. 24, 1979) Witness: (Illegible) 
Signature: /s/ Dale Gary Witness: (Illegible) 
-----------------------------------------------------
I, (Dale Gary) , promise in good faith that, should I be selected to participate in "The Great Fashion Put-One," I will attend ALL (maximum of 4) rehearsals and do everything I can to make sure everyone in the show and the audience has a ball. I understand that my failure to exert this effort will result in dismissal.
Date: (Aug. 24, 1979)
Signature: /s/ Dale Gary

[2] Gary's grounds for appeal from directed verdicts in favor of Miami Springs Villas, Inc., and Party Time Company, Inc., are without merit.
[3] Although the trial court based the directed verdict in favor of the Ski Club solely on the release and rejected the express assumption of the risk theory discussed infra, we believe the latter theory supports the directed verdict. A trial court will be affirmed if correct for any reason appearing in the record. See Stone v. Rosen, 348 So.2d 387, 388 (Fla. 3d DCA 1977), and the cases cited therein. The release is further evidence of "actual consent" to assume the risk of injury. See Blackburn v. Dorta, 348 So.2d 287, 290 (Fla. 1977); Strickland v. Roberts, 382 So.2d 1338, 1340 (Fla. 5th DCA), review denied mem., 389 So.2d 1115 (Fla. 1980).