443 So.2d 195 (1983)
Minnie WILLIAMS, Appellant,
v.
WINN DIXIE STORES, INC., Appellee.
No. 82-2350.
District Court of Appeal of Florida, Third District.
December 13, 1983.
Marcus Ambrose, Coral Gables, for appellant.
*196 Gerald E. Rosser, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
PER CURIAM.
The final judgment appealed is reversed upon a holding that (1) the affirmative defense of assumption of risk is merged into the defense of contributory negligence and the principles of Hoffman v. Jones, 280 So.2d 431 (Fla. 1973) shall apply, Kuehner v. Green, 436 So.2d 78 (Fla. 1983); Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977); Gary v. Party Time Company, Inc., 434 So.2d 338 (Fla. 3d DCA 1983); Hylazewski v. Wet 'N Wild, Inc., 432 So.2d 1371 (Fla. 5th DCA 1983) (Cowart, J., specially concurring); O'Connell v. Walt Disney World Co., 413 So.2d 444 (Fla. 5th DCA 1982); Tommie v. LaChance, 412 So.2d 439, 440 n. 1 (Fla. 4th DCA 1982), (2) any fact relevant to prove a fact at issue is admissible unless its admissibility is precluded by some specific rule of exclusion and here, testimony as to the general cleanliness of the grocery store is relevant to the issue of appellee's actual or constructive notice of the dangerous condition, Division of Corrections v. Wynn, 438 So.2d 446 (Fla. 1st DCA 1983); Carter v. Rukab, 437 So.2d 761 (Fla. 1st DCA 1983); Nance v. Winn Dixie Stores, Inc., 436 So.2d 1075 (Fla. 3d DCA 1983) and cases cited at 436 So.2d 1076, and (3) while attorneys are allowed wide latitude in jury argument, inflammatory or prejudicial remarks by counsel will require reversal. Wright v. Ford Millworks, Inc. v. Long, 412 So.2d 892 (Fla. 5th DCA 1982); Erie Insurance Co. v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981); Thundereal Corp. v. Sterling, 368 So.2d 923 (Fla. 1st DCA), cert. denied, 378 So.2d 350 (Fla. 1979).
Reversed and remanded for a new trial.