473 So.2d 1345 (1985)
Antonette FAZIO and Richard Fazio, Her Husband, Appellants,
v.
DANIA JAI-ALAI PALACE, INC., D/B/a Dania Jai-Alai Fronton, Appellee.
No. 84-1910.
District Court of Appeal of Florida, Fourth District.
July 10, 1985.
Rehearing Denied September 4, 1985.
Richard B. Berman of Frank & Flaster, P.A., Fort Lauderdale, for appellants.
Jack B. Tuter of Law Offices of Richard K. Owen and Rosemary Wilder of the Law Offices of Richard A. Sherman, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Antonette and Richard Fazio appeal a final judgment entered upon a jury verdict in favor of appellee, Dania Jai-Alai Palace, Inc., in their suit for damages arising out of injuries allegedly sustained by Antonette while a patron of the Jai-Alai Fronton.
Appellants' complaint alleged that they attended the fronton, with some friends, on December 1, 1982. It was a promotional night and the premises were packed. Antonette left her seat to go to a betting window but, as she stepped into the aisle, she slipped and fell on a foreign liquid substance and sustained severe permanent injuries. It was alleged that the floor of the aisle was sloped and covered with linoleum and that it was customary for patrons to carry food and drinks from the service centers to their seats. Appellee was charged with negligence, in that it did not maintain the aisles of the fronton free of foreign substances so that Antonette fell on a liquid substance on the night in question. This negligent condition, it is alleged, was known to appellee and had existed for a sufficient length of time so that appellee should have known of it.
During the course of the trial, appellants attempted to adduce evidence from witnesses that it was common for the fronton aisles to be littered with food and drinks, that the witnesses who frequented the fronton had never seen porters inspecting *1346 the aisles, and that there were no formal procedures for constant maintenance and supervision to keep the aisles free of substances and materials, which made the aisles dangerous. The trial court sustained objections to such testimony and generally restricted appellants to proving the condition and notice thereof only on the evening in question, excluding any evidence of the condition of the premises on other occasions. Appellants contend that the trial court impermissibly restricted them from 1) proving an ongoing problem on appellee's premises, the foreseeable danger of which appellee had constructive notice, and 2) proving that appellee did not have reasonable inspections, did not take reasonable precautions to guard against foreseeable dangers and, therefore, was negligent in its maintenance. See Williams v. Winn Dixie Stores, Inc., 443 So.2d 195 (Fla. 3d DCA 1983); Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980); Jenkins v. Brackin, 171 So.2d 589 (Fla. 2d DCA 1965). We agree.
Appellee submits that, in order to recover for slip and fall injuries, appellants have to show that appellee had actual or constructive knowledge of the presence of the dangerous condition that injured appellant, and that, if constructive knowledge is relied on, the evidence must show that the condition existed for a sufficient length of time for appellee to have removed it. See Food Fair Stores of Florida, Inc. v. Patty, 109 So.2d 5 (Fla. 1959); Cooper v. Winn-Dixie Stores, Inc., 438 So.2d 1012 (Fla. 4th DCA 1983); Winn-Dixie Montgomery, Inc. v. Petterson, 291 So.2d 666 (Fla. 1st DCA 1974). Thus, appellee argues that evidence concerning the condition of the floor of the Jai-Alai Fronton on previous occasions, and appellee's inspection procedures on previous occasions, was not relevant to the issue at trial.
Initially, we point out that the Florida Supreme Court, years ago, announced that a different rule applies to a place of amusement such as the Jai-Alai Fronton, where patrons gather in large numbers and are permitted to partake of food and beverages in all parts of the premises. The court said in Wells v. Palm Beach Kennel Club, 160 Fla. 502, 35 So.2d 720, 721 (1948):
It is true that such a rule has been imposed on stores, banks, shops and other business places of that character, but we think a different rule applies to a place of amusement like a race track where patrons go by the thousand on invitation of the proprietors, and are permitted to purchase and drink bottled beverages of different kinds and set the empty bottles anywhere they may find space to place them....

Places of amusement where large crowds congregate are required to keep their premises in reasonably safe condition commensurate with the business conducted. If the owner fails in this, and such failure is the proximate result of injury to one lawfully on the premises, compensatory damages may be recovered if the one injured is not at fault... . One operating a place of amusement like a race course where others are invited is charged with a continuous duty to look after the safety of his patrons. [emphasis added; citation omitted].
The court stated further that "reasonable care as applied to a race track requires a higher degree of diligence than it does when applied to a store, bank or such like place of business." Id. Noting that the defendants therein permitted the exit aisles and their grandstand where patrons were seated to become littered with empty beverage bottles and that the crowd was large, the supreme court held that, under such circumstances, whether or not defendants exercised ordinary care to protect its patrons was a question for the jury. Id. Thus, Wells v. Palm Beach Kennel Club indicates that circumstantial evidence concerning the operation and maintenance procedures of a place of amusement is admissible as relevant to show that the premises were not kept in a reasonably safe condition. See also West Flagler Associates, Ltd. v. Jackson, 457 So.2d 587 (Fla. 3d DCA 1984). Furthermore, evidence of the routine practice of an organization is admissible to prove that the conduct of the organization on a particular occasion was *1347 in conformity with the routine practice. Singer Housing Company v. Wren, 390 So.2d 428 (Fla. 1st DCA 1980); 23 Fla.Jur.2d, Evidence and Witnesses § 152 (1980).
Even applying the caselaw applicable to other businesses, such as stores, rather than places of amusement, it is clear that, where the action is based on negligent maintenance, proof is required of the operational procedures of the defendant owner or occupant that caused the allegedly dangerous condition. Pogue v. Great Atlantic & Pacific Tea Company, 242 F.2d 575 (5th Cir.1957). In Pogue, the plaintiff conceded that there was no evidence of actual or constructive knowledge of the particular lettuce leaf or carrot tops the plaintiff slipped on, but relied upon evidence tending to show that the storekeeper, by his method of operation, had created a dangerous condition that caused the presence on the floor of a lettuce leaf and carrot tops. The court noted that similar contentions were presented to the Florida Supreme Court in Wells v. Palm Beach Kennel Club, and relied upon the principle in that case, holding:
We think that the evidence in this case was sufficient that fair-minded men could draw the inference that the piece of lettuce leaf and carrot tops on the floor came from within the appellee's store and from some agency under the control of the appellee, and that there was not such a complete absence of probative facts as justified the granting of a summary judgment for the defendant.
242 F.2d at 582.
In Food Fair Stores of Florida v. Moroni, 113 So.2d 275 (Fla. 2d DCA 1958), another decision wherein operational negligence was alleged, the plaintiff slipped and fell on a piece of wet spinach. The court recognized that, in a slip and fall case, it is incumbent upon the plaintiff to allege and prove that either the alleged condition giving rise to the plaintiff's injury was created by the store management, its servants, or employees, or that the condition was actually known to exist by the store management or had remained as such a sufficient length of time for the management to have discovered it and removed it by the exercise of due diligence. Thereafter, the court stated:
We are not aware of any case which holds that the matter of the creation of the hazardous condition by the defendant may not be established by circumstantial evidence if the reasonable inference to that effect outweighs all contrary and opposing inferences under the usual rule of the probative force of circumstantial evidence in civil cases.
113 So.2d at 279.
The court held that the circumstantial evidence in that case, consisting of the defendant's operating procedures in replenishing its vegetable bins, was sufficient for the jury on the issue of whether the cause of the fall was brought about by the defendant's employees.
In Firth v. Marhoefer, 406 So.2d 521 (Fla. 4th DCA 1981), this court considered the liability of a landlord for injuries sustained when a tenant slipped and fell in an elevator. Appellant sought to adduce evidence that the landlord had previously maintained a carpet on the floor of the elevator to absorb liquids, droppings, and other matter that could make the floor slippery. The carpet had been permanently removed prior to appellant's accident, exposing a linoleum floor on which appellant slipped. We there held:
Constructive knowledge of a dangerous condition can be imputed to a landlord where it can be shown that the condition recurred with regularity and, consequently, was foreseeable. "Minimal standards of proper maintenance require the landlord to anticipate dangerous conditions that recur regularly, and to take some precautions." Harris v. H.G. Smithy Co., 429 F.2d 744, 746 (D.C. Cir.1970). This principle was operative in Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980), where the court held that repeated verbal and written warnings to the owners of an apartment building that a hallway was slippery and dangerous were sufficient to put them on notice of the recurring nature of the problem and thus created a jury question as to whether the landlords exercised *1348 reasonable care to guard against a foreseeable danger.
406 So.2d at 522.
The Firth court held that the carpeting testimony had the same relevance as the evidence in Mattison, stating: "It demonstrated that an accumulation of water, tar and other slippery substances in the passenger elevators was an ongoing problem which was known to the building management. Thus, there existed a jury question as to whether the landlord exercised reasonable care to guard against a foreseeable danger." Id. at 523. Like Mattison and Firth, appellants in the present case sought to show constructive notice of the alleged dangerous condition by evidence of conditions that recurred with regularity and, consequently, were foreseeable.
Firth was relied upon in Nance v. Winn Dixie Stores, Inc., 436 So.2d 1075, 1077 (Fla. 3d DCA 1983), a grocery store case, wherein the court stated:

We find that the same reasoning applies in the instant case, and we hold, therefore, that the trial court, by only allowing testimony on the conditions as they existed on the day of the accident, impermissibly limited appellant's evidence. It is for the jury to decide whether cash register tapes on the floor of a supermarket is an ongoing problem, and thus, a foreseeable danger of which appellee has constructive notice. [emphasis supplied].
See also Williams v. Winn Dixie Stores, Inc., 443 So.2d 195, 196 (Fla. 3d DCA 1983) ("any fact relevant to prove a fact at issue is admissible unless its admissibility is precluded by some specific rule of exclusion and here, testimony as to the general cleanliness of the grocery store is relevant to the issue of appellee's actual or constructive notice of the dangerous condition").
The foregoing decisions indicate that circumstantial evidence of recurring or ongoing problems, which could have resulted from operational negligence or negligent maintenance, is admissible as relevant to the issue of foreseeability of a dangerous condition. We believe the evidence that appellants sought to introduce in the instant case was probative of appellants' contention that appellee was negligent because it failed to maintain its premises in a reasonably safe condition, considering the type of activity going on and the size of the crowds attending.
For the foregoing reasons, we hold that portions of the evidence appellants sought to introduce were relevant and admissible, and they went to the heart of appellants' case. Thus, it was reversible error to exclude them.
REVERSED AND REMANDED for a new trial.
HERSEY, C.J., and LETTS, J., concur.