PER CURIAM.
This is an appeal by the plaintiff Dorothy Wynne from a final judgment entered after a non-jury trial in a negligence action arising out of the theft of the plaintiff’s purse and jewelry while the plaintiff was a business invitee of the defendant Exercise Centers of Southeast Florida, Inc. The plaintiff raises two points on appeal, one of which presents reversible error.
The plaintiff contends, and the defendant concedes, that the trial court erred in excluding from evidence a statement made by an employee of the defendant immediately after the plaintiff reported to the employee that the subject purse and jewelry had been stolen, to wit: “Not again[;] [t]he same thing happened last week.” Plainly, this statement was admissible as an admission against interest made by an agent of the defendant. Botte v. Pomeroy, 497 So.2d 1275, 1277 (Fla. 4th DCA 1986), rev. denied, 508 So.2d 15 (Fla.1987); § 90.803(18)(d), Fla.Stat. (1987).
*705 We further conclude that this error was extremely prejudicial to the defendant and was not, as the defendant urges, a harmless error. This is so because the statement clearly establishes that the defendant had actual knowledge of a similar and very recent prior theft against one of its business invitees — which, in turn, tended to establish that the theft in the instant case was reasonably foreseeable and that the defendant was therefore negligent in failing to provide any lockers or safes for its customers to store their valuables while making use of the defendant’s exercise facilities. Stated differently, this was a damning piece of evidence against the defendant in this negligence action, and its exclusion therefore constitutes a reversible error. See Nance v. Winn Dixie Stores, Inc., 436 So.2d 1075, 1077 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 889 (Fla.1984); Firth v. Marhoefer, 406 So.2d 521, 523 (Fla. 4th DCA 1981); cf. Orlando Executive Park, Inc. v. P.D.R., 402 So.2d 442, 446-49 (Fla. 5th DCA), rev. denied, 411 So.2d 384 (Fla.1981); Highlands Ins. Co. v. Gilday, 398 So.2d 834, 836 (Fla. 4th DCA), rev. denied, 411 So.2d 382 (Fla.1981).
We find no merit, however, in the plaintiffs second point on appeal. The final judgment under review is therefore reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.