PER CURIAM.
The plaintiffs, Manuel and Sylvia M. de Andreu [hereinafter referred to as the An-dreus], appeal from a final judgment entered in favor of Citicorp Savings of Florida [hereinafter referred to as Citicorp or the bank]. We reverse and remand.
The Andreus, residents of Guatemala, maintained a safe deposit box at Citicorp in which they kept jewelry and coins. They sued Citicorp for negligence and breach of contract, claiming that the contents of the safe deposit box — which they valued at $70,000 — were stolen between September 19,1986 and December 2, 1986. There was no sign of forced entry; neither of the duplicate keys was lost or stolen. They produced a time-stamped vault entry card that bore a stamp reading September 29, 1986, when they claim they were out of the country.
The Andreus theorized that a security guard somehow palmed a key, duplicated it, and raided the box. Citicorp's defense at trial was that such a theft was “inconceivable”, and that the Andreus themselves must have removed the coins from the safe deposit box. The Andreus moved to contradict Citibank’s testimony with evidence of a similar theft of another person’s safe deposit box; however, the trial court denied the motion. The jury returned a verdict for the bank. The Andreus appealed, contending that the trial court erred in excluding evidence of the other similar occurrence at the bank. We agree.
Before the Andreus discovered their alleged loss, another Citicorp customer, Robert Flatow, claimed that the contents of his safe deposit box had been stolen. Mr. Fla-tow and his mother, Florence Silverstein, were co-tenants of a safe deposit at the same Citicorp branch as the’Andreus. Mr. Flatow claimed that on October 1, 1986, he discovered that $8,250 in cash was missing from his safe deposit box. He further claimed that remarks made among bank employees at the time he reported his loss suggested an even earlier similar incident. Finally, Mr. Flatow claimed that his time stamped vault entry card bore a stamp reading September 29, 1986, when neither he nor his mother was at the bank.
This court has held that a party may introduce evidence of other incidents to contradict a witness’ testimony if the proffered evidence relates to a similar incident occurring under substantially similar circumstances. Carnival Cruise Lines, Inc. v. Rodriguez, 505 So.2d 550 (Fla. 3d DCA 1987), rev. dismissed, 520 So.2d 586 (Fla.1988). In the case at bar, when the An-dreus offered the theory that a bank employee stole the contents of the safe deposit box, Citicorp’s expert witness testified that such a thing was “inconceivable.” To contradict his testimony, the Andreus moved to introduce Mr. Flatow’s deposition — evidence of a similar incident allegedly occurring under substantially similar circumstances.[1]
In Perret v. Seaboard Coast Line R.R. Co., 299 So.2d 590 (Fla.1974), the Florida Supreme Court held that the trial court had improperly excluded evidence of an earlier accident at the same place and under substantially similar circumstances. Citing a dissenting opinion in an earlier case, the Supreme Court held that “[i]t was properly within the province of the jury to consider this other accident and it became material in determining whether the appellee was at fault.” Chambers v. Loftin, 67 So.2d 220, 222 (Fla.1953).
In the case at bar, evidence of Mr. Fla-tow’s alleged loss would have contradicted Citicorp’s allegations that the Andreus’ loss was an impossibility and an obvious fraud. That evidence was necessary to establish *1083 that Citicorp knew of another similar theft in the same location. Including the evidence might have strengthened the jury’s perception of the Andreus’ credibility sufficiently to change the verdict. The exclusion of such a “damning piece of evidence” constitutes a reversible error. Wynne v. Exercise Centers of Southeast Florida, Inc., 548 So.2d 704, 705 (Fla. 3d DCA 1989). For the foregoing reasons, we find that the trial court erred in excluding the proffered evidence of Mr. Flatow’s allegations, and we hereby reverse and remand this cause for a new trial.
Finding our decision on this issue to be dispositive of our resolution of the case, we decline to address the other issues raised on appeal.
Reversed and remanded.
SCHWARTZ, C.J., and GODERICH, J., concur.

. A videotaped deposition had been taken of Mr. Flatow, who was deceased at the time of trial.