JORGENSON, Judge.
Suburban Medical Hospital, Inc. [Suburban], appeals from a final order of the Department of Health and Rehabilitative Services denying its application for a Certificate of Need for an osteopathic hospital. We affirm.
Suburban applied to HRS for a Certificate of Need [CON] to convert its existing outpatient and ambulatory surgical center into a 36-bed acute care osteopathic hospital.[1] After HRS denied the application, Suburban requested a formal administrative hearing.[2] Following an exhaustive seven-day proceeding, the hearing officer issued a 76-page order recommending that Suburban’s application for a CON be denied. Suburban filed exceptions to the recommended order; HRS denied those exceptions and adopted the hearing officer’s findings of fact and conclusions of law.
We affirm. There is no showing by Suburban that the order on appeal was “arbitrary, capricious, or not in compliance with ss. 381.701-381.715.” Section 381.-709(6)(b). Suburban’s failure to demonstrate “[t]he immediate and long-term financial feasibility of the proposal” as required by section 381.705(l)(i), Florida Statutes (1989), defeated its application. First Hosp. Corp. of Fla. v. Department of Health & Rehabilitative Svcs., 589 So.2d 310, 311 (Fla. 1st DCA 1991). In its “Statement of Acts to be Reviewed,” Suburban indicated that “[financial and architectural matters are not being appealed by Appellant.” However, we find the issue of financial feasibility dispositive.
Suburban does not own the land on which it is located; the existing facility and the land are owned by Jules Minkes, D.O., and are subject to a first mortgage of 1.5 million dollars. Monthly interest payments on the mortgage currently run between $25,000 and $35,000. The proposed project budget did not provide for the payoff of this mortgage. Suburban submitted as part of its application a letter from a real estate investment firm that indicated “an interest in exploring arranging financing” for 4.1 million dollars for the proposed project. At the hearing, Suburban introduced Dr. Minke’s testimony that various osteopathic physicians had indicated an interest in participating as private investors. The letter from the investment firm and the interest expressed by local osteopathic physicians constituted the only evidence of plans to finance the proposed construction. Moreover, the evidence presented at the *1197 hearing supported the hearing officer’s finding that Suburban had not established that the operating costs set forth in the application were reliable estimates or that the projected revenues were reasonable. Suburban thus failed to establish either the long-term or the short-term financial feasibility of the project.
We are cognizant that section 381.-705 establishes a list of criteria to determine whether a CON should be granted; a proposed facility’s immediate and long-term financial feasibility is but one factor. However, “[t]he appropriate weight to be given to each individual criterion contained in the statute regarding CON applications is not fixed, but rather must vary on a case-by-case basis, depending on the facts in each case.” North Ridge Gen. Hosp., Inc. v. NME Hosp., Inc., 478 So.2d 1138, 1139 (Fla. 1st DCA 1985). In this case, Suburban’s failure to prove financial viability was fatal to its application, and renders moot the remaining points on appeal.[3]
Affirmed.

. See §§ 381.704-381.715, Fla.Stat. (1989).

. South Miami Hospital and Baptist Hospital, general acute care hospitals located in the area where Suburban sought to build, were granted permission to intervene in the proceeding. We find no error in the hearing officer’s determination that these two hospitals had standing to participate. See First Hosp. Corp. of Fla. v. Department of Health & Rehabilitative Svcs., 589 So.2d 310 (Fla. 1st DCA 1991); Manasota Osteopathic Gen. Hosp. v. Department of Health & Rehabilitative Svcs., 523 So.2d 710 (Fla. 1st DCA 1988).

. Suburban argues that the agency’s failure to rule explicitly on its exceptions to the recommended order constituted reversible error. Fla.Admin.Code Rule 28-5.405(3). We disagree. For the reasons stated above, the absence of any further explicit ruling on appellant’s exceptions did not impair the fairness of the proceeding or the correctness of the agency action; in these circumstances the agency order need not be reversed. Adult World, Inc. v. Florida Div. of Alcoholic Beverages & Tobacco, 408 So.2d 605 (Fla. 5th DCA 1982). In other words, we see no reason not to apply to our review of agency action the familiar adage that a trial court will be affirmed if correct for any reason appearing in the record. In re Yohn's Estate, 238 So.2d 290, 295 (Fla.1970); Gary v. Party Time Co., Inc., 434 So.2d 338, 339 n. 3 (Fla. 3d DCA 1983), overruled on other grounds, Mazzeo v. City of Sebastian, 550 So.2d 1113 (Fla.1989).